[L. A. No. 9395. In Bank.—March 10, 1927.]

In the Matter of the Estate of MARY ESTHER O'CONNOR, Deceased.

[1] ESTATES OF DECEASED PERSONS — APPEAL FROM DECREE OF DISTRIBUTION — SUFFICIENCY OF NOTICE. — Although the language in a notice of appeal from a decree of distribution in the estate of a deceased person is confusing, where it correctly designates the date of the decree and the date of its entry and an amendment thereto, no other decree being entered in the matter, the notice sufficiently identifies the decree and is sufficient.

[2] ID.—FINAL ACCOUNT—EVIDENCE.—Upon the settlement of a final account in the estate of a deceased person, it is error to allow an item which exceeds twenty dollars where there is no voucher to support the item and there is no basis of the approval of the item except an unverified statement of counsel.

[3] ID.—PAYMENT OF TAXES AND ASSESSMENTS.—Taxes and street assessments which are past due liens upon the property of the estate of a deceased person in course of administration are properly payable by the executor in the care and management of the estate; and the fact that such taxes and assessments are upon land devised to the executor should not deprive him of the right.

[4] ID.—EXECUTOR AND ATTORNEY—ALLOWANCE FOR LOSS.—The executor of the estate of a deceased person should be given credit in his final account for a loss shown upon re-appraisement of the property, but this item should not be included in the aggregate upon which the compensation of himself and his attorney is computed.

1.  See 2 Cal. Jur. 318.
3.  See 12 Cal. Jur. 113.

[5] ID.—POSSESSION OF ESTATE—PRESUMPTION—WAGES FOR COMPENSA-
TION.—The statute requires the executor of the estate of a de-
ceased person to take into possession all the estate of the testator,
both real and personal, and in the absence of a showing to the
contrary, it will be presumed that the executor has complied with
the statutory requirements and compensation should be allowed both
the executor and his attorney based upon such property, as shown
by the inventory and appraisement.

[6] ID.—DISTRIBUTION—GAS AND OIL RIGHTS.—Where a codicil to a
will devises a certain percentage of gas and oil rights to certain
devisees, objection to their distribution upon the ground that all
hope or expectation of oil or gas production from said property
has been abandoned and such distribution will constitute a cloud
upon the title is untenable.

[7] ID.—COMPENSATION OF EXECUTOR AND ATTORNEY — EXTRAORDINARY
SERVICES—DISCRETION.—Under sections 1618 and 1619 of the Code
of Civil Procedure, the probate court has the discretion to allow
compensation to the executor and his attorney for extraordinary
services in securing a loan with which to pay debts of the estate.

---

(1) 3 C. J., p. 1223, n. 25, p. 1226, n. 57; 24 C. J., p. 1044, n. 33.
(2) 24 C. J., p. 1006, n. 73.    (3) 24 C. J., p. 110, n. 52.    (4) 24
C. J., p. 978, n. 19.    (5) 24 C. J., p. 979, n. 31.    (6) 24 C. J., p. 436,
n. 54, 55.    (7) 24 C. J., p. 985, n. 4, p. 986, n. 8, p. 988, n. 25,
p. 989, n. 36, p. 1051, n. 27, p. 1058, n. 5 New.

APPEAL from an order of the Superior Court of Los
Angeles County overruling exceptions to the final account
of an executor and from the decree of distribution. W. H.
Thomas, Judge *pro tem.* Motion to dismiss appeal denied.
Decree reversed.

The facts are stated in the opinion of the court.

Lee Utley for Petitioner.

James Donovan and Edgar L. Bishop for Residuary
Legatee and Objector.

SHENK, J.—Mary Esther O'Connor died testate in the
county of Los Angeles. Her will, including a codicil, was
admitted to probate. Both in the will and codicil Lucy J.
Hartman, a sister of the decedent, was made residuary

---

5.  See 11 **Cal. Jur.** 1176.

legatee. In the codicil Charles F. Bailey, the respondent herein, was devised a lot at the corner of Figueroa and Sixty-seventh Streets, in the city of Los Angeles, and he was also made sole executor without bond. Certain property belonging to the estate and located at Los Nietos had been appraised at $15,000, based to a large extent on its probable oil and gas indications. This property was later re-appraised at $6,500. The administration proceeded to a consideration of an amended final account and petition for distribution, which came on regularly for hearing. Exceptions to certain items of the account and objection to distribution according to the terms of the codicil were filed by the residuary legatee and were overruled. The court thereupon entered its order settling the final account and rendered its decree of distribution. In the decree the court recited that "after hearing the evidence at such time" the court arrived at the determination therein set forth. The residuary legatee made a motion to strike out the quoted phrase on the ground that no evidence had been taken. The motion was granted, and in lieu of the words stricken the court inserted the following: "on taking up the first objection of counsel for objector, Lucy J. Hartman, Mr. Lee Utley, attorney for the executor in said matter, arose and stated in open court that the item amounting to Fifty-five ($55.00) Dollars was the sum total of several items, none of which amounted to Twenty ($20.00) Dollars, and did not present any vouchers for any of said items amounting in the aggregate to said sum total. That there was no objection made to such statement and the court accepted said statement as a fact and then overruled the said objection; as to the five remaining objections to the Final Account of the executor no evidence of any kind was offered or received at the time, and in arriving at its final conclusions the court considered only said objection to the Amended Final Account, the Amended Final Account itself and other documents and papers among the files on file in the above entitled action." The decree of distribution was dated May 12, 1926, and was entered on June 11, 1926. The order amending the recital in the decree was made and filed June 17, 1926. The residuary legatee served and filed a notice of appeal from both the order overruling her exceptions to the final account and

also from the decree dated May 12th and entered June 11th, as amended June 17, 1926, reciting said dates in the notice. [1] The respondent made a motion in this court to dismiss the appeal on the ground that the notice of appeal was insufficient to vest appellate jurisdiction. On the hearing of said motion it was insisted that the said notice of appeal applied solely to the order overruling the objections and that such an order is not appealable under section 963 of the Code of Civil Procedure. If the notice of appeal were so limited there would be no recourse but to dismiss the appeal, for it is clear that an order overruling exceptions to a final account is not an appealable order. But when the notice of appeal is analyzed and the surplusage discarded it may fairly be said to constitute a notice of appeal from the decree of distribution. It gave notice of appeal from said decree, designating correctly its date and the date of its entry and amendment, and there was no other decree entered in the matter. While the language of the notice is somewhat confusing, it sufficiently identifies the decree from which the appeal was intended to be taken and the respondent was not misled thereby (*Harreldson* v. *Miller & Lux, Inc.*, 182 Cal. 414 [188 Pac. 800]; 2 Cal. Jur., p. 318). The motion to dismiss the appeal was continued for determination preliminarily to the consideration of the appeal on its merits. From what has been said it follows that the motion should be denied.

[2] On the merits the appellant urges six points for reversal. The first point is that the court erroneously approved an item of $55 for money expended in administering upon certain property of the estate in Spokane. There was no voucher for this item, and it is insisted that it should be excluded for the reason that it represents an expenditure of over $20 (sec. 1632, Code Civ. Proc.). As indicated in the order of the court above quoted the basis for the approval of the item without vouchers was a statement by counsel for respondent in open court, not under oath, that the item was an aggregate of smaller items of less than $20 each. There was no evidence in support of the fact of payment of this item, nor does the verified account state to whom payment was made. The item should therefore have been rejected. (Sec. 1632, Code Civ. Proc.; *Estate of Hedrick*, 127 Cal. 184 [59 Pac. 590].)

[3] The second objection relates to taxes and street assessments paid by the executor on the Figueroa Street lot. The court allowed credit to the executor for the payment thereof. It is the contention of the appellant that taxes are a charge against the land, and not the estate, and that certain assessments paid by the executor were not personal claims against the testatrix, but against the land. It is also claimed that as the executor is to receive this particular lot on distribution, he should not receive credit for these payments. A portion of the taxes were levied prior to the death of the testatrix and the whole thereof were due when paid. The assessments were annual payments on a street bond which were paid as they became due during the course of administration. Although the lot had been devised to the executor it was and continued to be a part of the assets of the estate until distribution. The title of the devisee was at all times subject to be divested if the estate became insolvent. The taxes and assessments were past due liens upon the property of the estate in course of administration and were properly payable by the executor in the care and management of the estate (*People* v. *Olvera,* 43 Cal. 492; *Weinreich* v. *Hensley,* 121 Cal. 647, 657 [54 Pac. 254]; *Estate of Freud,* 131 Cal. 667 [82 Am. St. Rep. 407, 63 Pac. 1080]; 12 Cal. Jur., p. 113).

[4] The third and fourth exceptions are addressed to the allowance of compensation to the executor and his attorney. The compensation was computed upon the re-appraised value of the estate, including a realization loss of $100. The executor was properly given credit for this loss, but the item should not have been included in the aggregate upon which the compensation of himself and his attorney was computed (sec. 1618, Code Civ. Proc.; *Estate of Fernandez,* 119 Cal. 570, 585 [51 Pac. 851]). [5] It is insisted that neither the executor nor his attorney is entitled to a commission on the value of the Figueroa Street lot devised to the executor "unless the same was taken into possession for the purpose of administration." The statute requires the executor to take into possession all the estate of the testator, both real and personal (sec. 1581, Code Civ. Proc.), and in the absence of a showing to the contrary, and none is here shown, it will be presumed that the executor has complied with the statutory requirement. The in-

ventory and appraisement and the account show the lot as part of the assets of the estate. The objection that compensation should not be allowed to both the executor and his attorney is without merit (sec. 1618, Code Civ. Proc.; 11 Cal. Jur. 1176).

[6] The fifth objection is to the distribution of the one per cent gas and oil rights made in the codicil to certain devisees, on the ground that all hope or expectation of oil or gas production from said property has been abandoned and such distribution will constitute a cloud upon the title. No evidence was offered and no authority has been cited to sustain the contention. The dispositive language of the codicil was authority for the order and the point is untenable.

[7] The sixth exception is to the allowance of $75 to the attorney and $50 to the executor for extraordinary services in securing a loan of $2,500 with which to pay debts of the estate. Sections 1618 and 1619 of the Code of Civil Procedure permit the court in its discretion to make such allowances, and it does not appear that the court has improperly exercised such discretion.

The motion to dismiss the appeal is denied. The decree is reversed, with direction to the trial court to disallow the said item of $55 and to not include the said item of $100 in the amount upon which the compensation of the executor and his attorney is computed, the costs of this appeal to be paid out of the assets of said estate.

Seawell, J., Richards, J., Langdon, J., Waste, C. J., Curtis, J., and Preston, J., concurred.