[Civ. No. 13608.   Second Dist., Div. Three.   Dec. 31, 1942.]

Estate of EMILY JARVIS FOWLER, Deceased. SECUR-ITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents, v. WILLIAM JARVIS EARL, Appellant.

Mervin Glass for Appellant.

Baldwin Robertson for Respondents.

WOOD (Parker), J.—The appeal is from an order authorizing trustees under a will to purchase shares of stock.

The decree of distribution establishing the trust provided in part: "Said trustees shall have the right to invest the trust property in real estate and stocks of corporations of which the decedent was a stockholder at the time of her death, whether or not said investment is a legal investment for trust funds, provided said trustees shall have the written consent of each adult beneficiary of said trust to such investment in real property and stocks of corporations of which decedent was a stockholder at the time of her death before the same is made." The will contained a provision which was in substance the same as the provision in the decree of distribution just quoted.

The petition for authority to purchase the stock quoted the provisions of the decree of distribution above set forth, relative to the right of the trustees to invest the trust property. The petition also alleged that after the decree of distribution was made, appellant and all other beneficiaries of said trust prosecuted an action in the superior court against the corporate trustee and "all persons interested in the residuary trust" created under the will; and that a judgment, which had become final, was entered therein and it provided as follows: that the trust was a "court trust," as defined by section 101 and as referred to in section 105 of the Bank Act; that the provision in the decree of distribution above quoted "is not a restriction upon the powers of the trustees to invest and reinvest the trust property as to them seems

best, and is an amplification of said powers''; that in addition to the powers expressly granted to said trustees in the decree of distribution that the trustees ''have the power to invest and reinvest the funds of said trust in any securities and other investments which to them seem best,'' provided that the investment of the funds of the trust in securities or investments ''other than those in accordance with the laws relative to the investment or loan of funds deposited with savings banks shall be ordered by the court in connection with said trust.'' The petition alleged further that the petitioners desired authority to invest a part of the trust funds in the purchase of certain common and preferred shares of stock and that it was the best judgment of petitioners that such purchase was ''a safe and wise investment and will be for the best interests of said estate.''

Appellant, who is one of the adult beneficiaries, objected to the petition of the trustees for such authority on the ground that the trustees had not obtained the written consent ''of all of the adult beneficiaries.'' He also denied that the purchase of the stock was a safe and wise investment and denied that it would be for the best interests of the estate.

The order approving the petition for the purchase of the stock provided, after the preliminary recitals as to the appearances of parties and counsel, that: ''. . . it appearing to the court from the evidence adduced . . . that all of the allegations of said petition are true and that it is to the best interests of said estate that the cotrustees purchase at the prevailing market price the common and preferred stocks hereinafter set forth. . . . It is ordered . . . that the objections and contest of William Jarvis Earl be overruled and denied; and . . . that the cotrustees . . . are instructed and authorized to purchase, at the market, at the prevailing market price . . . the following number of shares of the common or preferred capital stock . . . ,'' (which were the stocks described in the petition). The order also stated that the price of the stocks should not exceed a stated maximum.

The stocks involved herein were not stocks ''of corporations of which the decedent was a stockholder at the time of her death.''

The trustees did not have the written consent of appellant, who was one of the adult beneficiaries, for the purchase of the stocks.

After the order of distribution was made and at a time when appellant was one of the two trustees of said trust, the appellant and the other adult beneficiaries of the trust commenced an action against the corporate trustee and all persons interested in the residuary trust under the will. The appellant verified the complaint which quoted the above set forth provision of the decree of distribution and alleged with respect thereto the following: ''That common and preferred stocks in conservative and well-established corporations are the only investments open to the trustees by which they may preserve the corpus of the trust and at the same time furnish a safe income from diversified industries.'' It was further alleged therein: ''That plaintiffs herein represent that present conditions require, in order that the trustees may fully carry out the objects and purposes of the trust created by the will . . . that said trustees have the power, acting in the prudent and faithful exercise of their discretion and as new conditions may from time to time require in order that said trustees may fully carry out the objects and purposes of the said trust, to invest the trust funds held by them under said trust in such shares of stock, in bonds, bond securities, real estate, improvements on real estate, in loans upon security of real estate, or upon any other security satisfactory to said trustees providing an adequate rate of interest and affording reasonable assurance of stable values; and . . . that the above entitled court determine and confirm the existence of said powers in the trustees.'' It was alleged further therein: ''That the parties hereto seek a declaration by this honorable court in respect of said rights and duties under the provisions of Section 1060 of the Code of Civil Procedure. . . .'' The prayer was as follows: ''Wherefore, plaintiffs pray that the above entitled court declare and adjudge that said trustees have the power and authority necessary to carry out these acts, or, failing in that, the court enlarge the powers of the said trustees so as to permit them to invest and reinvest such trust funds in shares of common or preferred stock not limited to corporations of which trustor was a stockholder at the time of her death, and in any other generally recognized form of investment.''

The corporate trustee answered the complaint and denied that under the decree of distribution that any portion of the trust funds might ''be invested in shares of stock other than shares of stock of corporations of which the decedent was a

stockholder at the time of her death provided that said trustees have the written consent of each adult beneficiary of said trust to such investment.''

Judgment in that action, in favor of the appellant and the other plaintiffs was entered on December 7, 1937, and it became final. The judgment provided: ''. . . that the trust created under . . . the last will . . . is a 'court trust,' as defined by Section 101 and as referred to in Section 105 of the Bank Act . . . and . . . that the provision in the decree of distribution . . . that the trustees shall have the right to invest the trust property in stocks of corporations of which Emily Jarvis Fowler was a stockholder at the time of her death, whether or not said investment is a legal investment for trust funds, is not a restriction upon the powers of the trustees to invest and reinvest the trust property as to them seems best, but is an amplification of said powers; and . . . that the trustees of the trust . . . in addition to the powers expressly granted to said trustees in the decree of distribution . . . have the power to invest and reinvest the funds of said trust in any securities and other investments which to them seem best, without regard to whether said investments or reinvestments are in accordance with the laws relative to the investment or loans of funds deposited with savings banks; provided, however, that such investment or reinvestment of the funds of said trust in securities or other investments other than those in accordance with the laws relative to the investment or loan of funds deposited with savings banks shall be ordered by the court in connection with said trust; and . . . that this decree is intended to bind and does bind all lineal descendants of Emily Jarvis Fowler. . . .''

The contentions of appellant are (1) the court failed to make findings concerning the written objections filed by appellant; (2) the trustees did not obtain the written consent of the adult beneficiaries to the proposed purchase of stock, as required by the decree of distribution; and (3) that the court erroneously construed the judgment in the action for declaratory relief.

In support of his first contention, appellant cites section 1230 of the Probate Code which provides that the ''court must try the issues joined, and sign and file its decision in writing, as provided in civil actions.'' The first objection included an allegation that the trustees had not obtained the written consent of all the adult beneficiaries. The court did

456

not find in so many words whether or not that allegation was true. The order of the court, however, did include in its recitals that "the objections of William Jarvis Earl to said petition came on regularly to be heard," and "no person appearing to except to or to contest said petition except William Jarvis Earl through his counsel." These were statements that appellant had not consented. Since he was one of the adult beneficiaries, the recitals above mentioned are tantamount to a finding that "all of the beneficiaries" had not consented. ■ Recitals in a decree, though not in the usual form of findings of fact, are sufficient as findings. (*Estate of Exterstein*, (1934) 2 Cal.2d 13, 15 [38 P.2d 151].) ■ Also included in the first objection there was a question of law as to whether it was necessary to obtain the written consent. Conclusions as to questions of law should not be in the findings of fact. Furthermore, the issue is immaterial, in view of our holding later that no such consent is required; and hence even a total failure to find on it would not be prejudicial.

■ Appellant asserts that no findings were made concerning his denial that the purchase of the stocks was a safe and wise investment, and his denial that such purchase would be for the best interests of said trust estate. The court did not find categorically that said denials were not true. The court did find "that all of the allegations of said petition are true and that it is to the best interests of said estate that the cotrustees purchase at the prevailing market price the common and preferred stocks hereinafter set forth." Therefore, the court found that the allegations denied by appellant were true. When the court found that all of the allegations of the petition were true the court thereby found that the denials of those allegations were untrue. It was not necessary, under the circumstances herein, after finding the allegations of the petition were true, to make a finding that denials of certain allegations, found to be true, were not true. The objector (appellant) offered no evidence, and there was no evidence in his favor, to the effect that the purchase of the stocks would be unwise or unsafe. The trustees presented the testimony of three qualified witnesses to the effect that such purchase would be a wise and safe investment and for the best interests of the trust. The findings were sufficient.

■ The second contention of appellant that it was necessary to obtain the written consent of the adult beneficiaries was based upon the provision of the decree of distribution that,

"Said trustees shall have the right to invest the trust property . . . provided said trustees shall have the written consent of each adult beneficiary of said trust to such investment in real property and stocks of corporations of which decedent was a stockholder at the time of her death before the same is made.'' That provision relates to the investment in real property and *stocks of corporations of which decedent was a stockholder at the time of her death*. The stocks involved herein were not such stocks. Appellant argues that it is unreasonable to believe that the decedent would have required the adult beneficiaries to approve investment in securities which she had purchased and held at the time of her death, but would not require their consent to purchase other and different securities. Although it may seem reasonable that the requirement for approval by the beneficiaries should have included securities other than those purchased and held by the decedent, yet, it was her privilege to determine under what circumstances approval should be obtained by the trustees, and the provisions of the will and the decree of distribution were clear that the trustees should have the right to invest the trust property in stocks of corporations of which decedent was a stockholder at the time of her death, whether or not said investment was a legal investment for trust funds, provided the trustees obtained the written consent of each adult beneficiary for the purchase of that stock.

We think the court did not err in its construction of the judgment in the action of *William Jarvis Earl, et al., v. Security-First National Bank of Los Angeles, et al.*, in superior court action No. 418197. The decree recognized the power of the trustees to invest in stocks of corporations of which the testatrix was a stockholder at the time of her death, provided they have the written consent of each adult beneficiary of the trust, declared that they have the power to invest and reinvest in other securities and investments which to them seems best, provided that court approval is required for such investments as are not in accordance with the laws relative to the investment or loan of funds deposited with savings banks. As to investments other than those made in stocks of corporations of which testatrix was a stockholder at the time of her death, the judgment did not impose as a condition to the exercise of the trustees' powers that they must have the consent of the adult beneficiaries. In specifying the single

condition that such investments must first be approved by the court, the judgment necessarily excluded all other conditions to the exercise of the trustees' powers.

The judgment is final. In the instant proceeding the trustees acted within their powers as they were defined by the judgment and it is therefore unnecessary to look beyond it for authority supporting the order appealed from.

The order is affirmed.

Shinn, Acting P. J., and Shaw, J. pro tem., concurred.