[Civ. No. 25617.   Second Dist., Div. One.   Feb. 6, 1962.]

Estate of OSA BELL ZAVADIL, Deceased. W. VERNE AHRENS, as Executor, etc., Objector and Appellant, v. DONALD BURTON DANIELS, as Executor, etc., Petitioner and Respondent.

W. Verne Ahrens, in pro. per., for Objector and Appellant.

Anderson & Griffin and Donald G. Griffin for Petitioner and Respondent.

LILLIE, J.—This is an appeal from an order settling the final account of the executor of the estate of Osa Bell Zavadil, deceased, ordering distribution to the sole legatee named in her will and dismissing objections thereto.

Osa Bell Zavadil died testate on October 23, 1959, seven months after her husband, Louis George Zavadil, who likewise died testate. Her will was admitted to probate on December 8, 1959, letters testamentary thereafter issued, and notice to creditors published (commencing December 15, 1959) in the manner prescribed by law. On June 14, 1960, her husband's executor filed a claim (with the clerk of the court) for sums totalling $15,325. On June 22, 1960, this claim was rejected in writing by Osa's executor; no suit thereon was thereafter instituted.

On October 13, 1960, a petition for final distribution was filed—an accounting was waived by the petitioner as sole legatee. The husband's executor filed written objections on November 4, 1960, the date theretofore fixed for hearing of said petition. On December 2, 1960, the continued date, the trial court heard argument of counsel for the respective parties. The matter was again continued to January 4, 1961; after further discussion, the matter was submitted for decision. The following day the court filed a memorandum of decision adverse to the objector, directing counsel for Osa's executor to prepare findings. Objections to the proposed findings were thereafter overruled in open court after further argument on the merits of the objector's legal position.

Based on the trial court's memorandum decision, it was found (among other things) that the objector was not a person interested in Osa's estate, from which it was concluded (among other conclusions of law) that ''Since the objector herein was not a person interested in the estate herein he may not contest the account or resist application for distribution and the objections do not have to be considered.''

Whether appellant is a ''person interested in the estate'' within the meaning of Probate Code, section 927, and as such entitled to be heard in opposition to the petition is decisive of this appeal. His interest in Osa's estate rests solely upon the fact, as set forth in his objections, that shortly before

Osa's husband's death she was entrusted by her husband with certain funds, that she converted the entire sum to her own use "knowing it to be the separate property of Louis George Zavadil, deceased, and failed and refused to turn said property over to objector as Executor of the Estate of Louis George Zavadil despite demand." It was further alleged that each item of property listed in the inventory and appraisement "are all and each and every one is the separate property of Louis George Zavadil and the said Osa Bell Zavadil has never had any right, title or interest, in or to, said property or any part thereof." A still further allegation is to the effect that the listing of the property in Osa's estate as her separate property is "sham and false" and made for the purpose of defrauding the son and daughter of Louis George Zavadil out of their lawful inheritance and give the same to Osa's son, Donald Burton Daniels (petitioner herein) "who is not entitled to any part of this estate which is actually composed of nothing but the separate property of Louis George Zavadil."

"It is well established in this state that the superior court sitting in the exercise of its probate jurisdiction is without power to determine adverse claims to the properties of an estate in the course of administration when asserted by a 'stranger to the estate' as in the present case. The proper manner of litigating such a question of title is in the superior court in the exercise of its general jurisdiction . . ." (*Estate of Hart*, 51 Cal.2d 819, 823 [337 P.2d 73].) Unlike the situation in the case just cited, no such independent action was instituted by the appellant at bar. Too, the rule mentioned in the *Hart* case has been applied not only to actual contests of title to the assets of an estate but, as here, to the raising of objections during probate. (*Estate of Dabney*, 37 Cal.2d 672 [234 P.2d 962].)

In *Estate of Dabney, supra,* the whole question was given intensive consideration. There the appellants had filed objections to three separate petitions for ratable distribution upon the ground that they had instituted and that there was then pending a suit in equity seeking the establishment of constructive and resulting trusts, the quieting of adverse claims to their asserted title, all based upon the allegations of their equitable ownership in properties inventoried as assets of the estate. The trial court dismissed appellants' objections and entered orders granting the petitions for distribution. In an elaborate opinion, which considered all of the authorities upon the subject, the court held that the appellants were not persons

interested in the estate. ■ One such authority cited in *Dabney* was *Estate of Dutard,* 147 Cal. 253 [81 P. 519], which is a complete answer to the appellant's claim that he is a "creditor" of Osa's estate. Paraphrasing therefrom at page 253: So far as this claimant (or objector) is concerned he is not seeking to enforce any claim against Osa's property. He has proceeded entirely upon the theory that the property held by Osa during her lifetime, and by her legal representative after her death, was in fact trust property and did not belong to her estate at all. The claimant (or objector) does not assume to stand in the character of a creditor of the decedent seeking to enforce a debt of the decedent against his testate's property, but purely in the attitude of a person seeking to recover from the representative of the estate specifically described property upon the ground that it did not belong to the estate, but was in fact the property of Louis George Zavadil. ■ It is well settled that one who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law.

■ ■ From the foregoing it is clear that appellant was not competent to object to any accounting. Under the circumstances the trial court (sitting in probate) had no jurisdiction and properly dismissed appellant's objections—once a court determines that it is without jurisdiction, further proceedings in the action are idle acts. Furthermore, it properly declined to consider objections to the proposed findings upon the last session of the hearing below. At that time it was argued by appellant's counsel that he was erroneously foreclosed from offering evidence that he was within the included class ("persons interested"), specifically, that his claim was based on the provisions of section 953 of the Probate Code;[1] also, that he was denied a hearing on all issues of fact joined in a probate proceeding (Prob. Code, § 1230). Neither point would appear to have merit. ■ While it has been held that a creditor *who has sued* on a rejected claim is a "person interested" and a "party aggrieved" by an order of distribution made without provision for the payment of such

---

[1]Section 953: "If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require. . . ."

claim (*Estate of Dabney, supra,* pp. 679-680), we are referred to no authority for appellant's contention that the provisions of the pertinent statute apply to his case. Common sense and a fair reading of the entire statute would seem to indicate that his "claim" is other than contingent; appellant should have instituted an appropriate action at the proper time and his lack of diligence in that respect is almost inexcusable.

As for the applicability of section 1230, Probate Code, " 'The manner in which the account of an executor or administrator is usually made up, and the manner in which objections thereto are usually presented (and this case is no exception), do not at all conduce to the development of issues such as arise upon the pleadings in a civil action . . . Exceptions to an account do not create "issues of fact joined". . . .' " (*Estate of Tretheway,* 32 Cal.App.2d 287, 293-294 [89 P.2d 679].)

Other points raised do not require discussion.

The portions of the judgment and order appealed from are affirmed.

Wood, P. J., and Fourt, J., concurred.