[Civ. No. 25988.   Second Dist., Div. Three.   Feb. 28, 1962.]

ROBERT G. GETROST et al., Plaintiffs and Appellants, v. W. ROY LANHAM et al., Defendants and Respondents.

Edward L. Lascher for Plaintiffs and Appellants.

Leighton G. Long, Ben K. Ashby and William T. Selby for Defendants and Respondents.

FILES, J.—This is a motion to dismiss an appeal from an order denying a motion to disqualify attorneys.

The main case is a derivative action brought by shareholders of a corporation purporting to act on behalf of the corporation to obtain relief against its controlling officers and directors. The following proceedings occurred in the superior court: On July 21, 1961, attorneys Leighton G. Long and Ben K. Ashby appeared on behalf of three individual defendants and moved for security under Corporations Code, section 834. Attorney William T. Selby made a similar motion on behalf of the corporation. Before those motions were heard, plaintiffs moved for an order disqualifying all of defendants' attorneys on the ground that they were improperly representing interests which conflicted with the interests of a former client, namely, the corporation. The trial court

received oral and documentary evidence on this issue and took the matter under submission on briefs. On October 2, 1961, the court filed a memorandum of opinion and made a minute order that the motion be denied without prejudice. On October 24, 1961, plaintiffs gave notice of appeal from that order.

In support of their motion to dismiss this appeal defendants have shown the following additional facts: On December 22, 1961, the superior court made an order requiring plaintiffs to give security under Corporations Code, section 834. Plaintiffs failed to furnish security, and on January 11, 1962, judgment was entered dismissing the action. This judgment is not yet final and counsel have represented that an appeal from it is probable.

The order of October 2, 1961, is appealable (*Meehan* v. *Hopps,* 45 Cal.2d 213 [288 P.2d 267]), but we have concluded that under the circumstances a decision would serve no useful purpose now. The trial judge pointed out in his memorandum that whether an attorney should be forbidden to represent a particular interest depends largely upon the facts of the case, and concluded he could not determine the issue on the complaint alone, before defendants had answered. Hence the motion to disqualify counsel was denied without prejudice.

The dismissal of the main action materially changes the circumstances under which the trial court ruled on October 2, 1961. Should the issue again arise it can be dealt with under conditions which then exist. It is not necessary to consider whether the motion to disqualify counsel was premature because made prior to the ruling on the motion for security (see *Barber* v. *Lewis & Kaufman, Inc.,* 125 Cal. App.2d 95, 99 [269 P.2d 929]), for it is unlikely that that situation will again occur in this case. Neither the order appealed from nor the dismissal of this appeal as moot will prejudice any future motion to disqualify. (*Granger* v. *Orange County Board of Supervisors,* 168 Cal.App.2d 274, 277 [335 P.2d 748].)

The appeal is dismissed.

Shinn, P. J., and Ford, J., concurred.