[Civ. Nos. 24, 44.   Fifth Dist.   May 17, 1962.]

Conservatorship of the Person and Estate of ELIZABETH ELLEN OLIVER.   EVAN D. OLIVER, Petitioner and Appellant, v. ANDREWS AND ANDREWS et al., Objectors and Respondents.

Evan D. Oliver, in pro. per., and Karl F. Geiser for Petitioner and Appellant.

Andrews & Andrews, James F. Thaxter and Louis L. LaRose for Objectors and Respondents.

STONE, Acting P. J.—Appellant, temporary conservator and unsuccessful applicant for letters of conservatorship of the person and estate of Elizabeth Ellen Oliver, has appealed from the following: (1) an order striking his motion for fees and expenses as temporary conservator; (2) an order allowing the conservators of the person items of expense connected with the conservatorship proceedings but incurred prior to their appointment; (3) an order awarding attorney fees to counsel for the conservator of the estate. Although a separate notice of appeal was filed as to each order, the three were consolidated for purposes of this appeal, which comes before us on the judgment roll.

Appellant filed a petition in the Superior Court of Los Angeles County for appointment as conservator of the person and estate of his mother, Elizabeth Ellen Oliver. He filed a concomitant petition for appointment as temporary conservator, which was granted.

Respondents Jane Ellen Allen and Rosemary Rochholz, granddaughters of Elizabeth Ellen Oliver, filed a petition in the Superior Court of Fresno County for their appointment as conservators of the person of Elizabeth Ellen Oliver, and at the same time respondent Security First National Bank filed a petition for letters of conservatorship of the estate of Elizabeth Ellen Oliver. Respondents filed objections in

the Los Angeles County proceedings to the appointment of appellant as conservator, alleging, among other things, that the conservatee resided in Fresno County. Appellant filed objections in Fresno County to the petitions of respondents, contending that the conservatee had established her residence in the County of Los Angeles.

The conservatorship proceeding in Los Angeles County came on for hearing first, and the trial court found the place of residence of Elizabeth Ellen Oliver to be Fresno County, and consequently transferred the proceeding to that county. After transfer had been effected, the proceeding which had been initiated by appellant in Los Angeles County, and the proceeding which had been initiated in Fresno County by respondents, were consolidated for trial pursuant to stipulation of counsel. Following a protracted hearing, the court denied appellant's petition for appointment as conservator, and granted the petitions of respondent Security Bank and respondents Allen and Rochholz for appointment as conservators of the estate and of the person, respectively.

Appellant first makes a blanket attack upon all proceedings and all orders upon the ground the Fresno Superior Court lacked jurisdiction. Appellant predicates his argument upon the contention that the conservatee was a resident of Los Angeles, not Fresno County and, further, that neither service of citation nor notice of hearing was timely.

The record, however, reflects that the trial court in Los Angeles as well as in Fresno County found the conservatee to be a resident of Fresno County. Appellant argues several points in regard to this issue but most of the matters related by him do not appear in the record. Insofar as notice is concerned, appellant willingly stipulated that his petition for letters of conservatorship and respondents' petitions should be heard at the same time. Pursuant thereto the court made such an order for hearing, and no defect appears in the record before us.

Additionally, appellant is barred by the doctrine of res judicata from now raising the question of jurisdiction. On September 14, 1960, in *Conservatorship of Oliver*, 192 Cal. App.2d 832 [13 Cal.Rptr. 695], Oliver appealed from the following orders:

"1. From the Order entered in proceedings No. 33443 appointing Jane Ellen Allen conservator of the person . . .

"2. From the Order entered in proceeding No. 33443 appointing the [bank] . . . conservator of the estate . . .

"3. From the Order entered in proceeding No. 33508 denying the appointment of Evan D. Oliver as conservator of the person and estate. . . ."

By the court's opinion in *Conservatorship of Oliver, supra,* the appeal was dismissed, the court noting that Oliver had, in writing, voluntarily abandoned the appeal. The court said, at page 836: "Although it has not been definitely decided in this state, we conclude that the filing of the abandonment of the appeal operated as a dismissal of it. (Citations.) The dismissal is, in effect, an affirmance of the judgment. (Citations.) Furthermore, in the instant case, the dismissal or abandonment was not expressly made without prejudice."

█ Therefore the orders appointing respondents conservators have become final, and the rule of *Estate of Estrem,* 16 Cal.2d 563 [107 P.2d 36], applies. There it was said, at page 570:

"The jurisdiction of the court to render a judgment or order often depends upon the preliminary determination of certain jurisdictional facts. When all parties affected are actually or constructively before it with an opportunity to assert their contentions and to appeal from an adverse ruling, the finding of such facts by the court may be reviewed only by an appeal or other timely and available direct attack." (See also *Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140, 145 [2 Cal.Rptr. 716]; *Estate of Robinson,* 19 Cal.2d 534, 537 [121 P.2d 734].)

█ █ Likewise, appellant's contention that the Los Angeles Superior Court was without jurisdiction to transfer his petition for appointment as conservator to Fresno County, was settled by *Conservatorship of Oliver, supra,* which is res judicata as to this issue. Appellant argues that res judicata does not apply because the order of transfer was beyond the jurisdiction of the court, and the transfer order void. However, Probate Code sections 2051 and 2052 specifically provide for the transfer of a conservatorship proceeding from the county in which such proceeding is commenced to the county of the conservatee's residence. Appellant argues that these sections apply only after the conservator has been appointed. The record reflects that appellant had been appointed temporary conservator pursuant to the provisions of division 5, chapter 11, of the Probate Code, so that proceedings had been commenced and there was an action pending at the time the order was made.

We now turn from the question of jurisdiction to appel-

lant's specific attacks upon the three orders. It is his contention that the court erred in granting the motion to strike his "Motion for Order to Disperse Funds by Reason of Temporary Conservatorship" and his "Petition for Payment of Special Items." The motions were made to the court in conservatorship proceeding No. 33443, while appellant was appointed temporary conservator in proceeding No. 33508. The distinction between the two proceedings stems from the petitioner's appointment as temporary conservator in Los Angeles County, which proceeding was transferred to Fresno County and continued as proceeding No. 33508. Although both petitions were, by stipulation of counsel, heard together, they have remained separate proceedings. Thus the court had no authority in action No. 33443 to make an order concerning proceedings in action No. 33508. Furthermore, the motions were improper since appellant was, in effect, filing an account of his stewardship as temporary conservator. He did not comply with Probate Code sections 2204 and 2205 governing the accounting of a temporary conservator. However, the reason given by the court for dismissing appellant's two motions was erroneous. The order in the Fresno proceeding recites that the Los Angeles court had no jurisdiction to appoint a temporary conservator because the conservatee was a resident of Fresno County. The record reflects that at the time appellant filed his petition for appointment as conservator and temporary conservator, the conservatee was staying with him in Los Angeles County. ██ The verified petition, upon which the Los Angeles Court acted, complied with Probate Code section 2201, which provides:

"On or after the filing of a petition for the appointment of a conservator, the court, with or without notice as the court or judge may require, upon a verified petition establishing good cause therefor, and filed by any person entitled under Section 1754 to apply for the appointment of a conservator, may appoint a temporary conservator of the person and estate or person or estate of any person (hereinafter called a conservatee) to serve pending the final determination of the court upon the petition for the appointment of a conservator under Chapter 2 of this division."

There is no provision that the appointment of a temporary conservator becomes null and void if it later develops at the hearing of the petition for appointment of the conservator that the conservatee resides in another county. At a hearing held subsequent to the appointment of the temporary conservator,

the court found that the conservatee's residence in Los Angeles was temporary. The order transferring the proceeding to Fresno County, the conservatee's place of permanent residence, did not vitiate the order appointing the temporary conservator.

In this case, two and one-half months elapsed between the filing of the petition and the appointment of a conservator. ■ The purpose of Probate Code chapter 11 is to provide, in proper cases, for a temporary conservator to care for the conservatee and his estate pending appointment of a regular conservator. ■ His position is analogous to that of a special administrator of the estate of a deceased person, which is not void if a different person is appointed administrator of the estate or if it is later determined that the deceased resided in another county at the time of death.

■ Appellant next objects to the order allowing conservators certain items of expense incurred on behalf of the conservatee pending the appointment of a conservator. Appellant asserts that his objections to the claims were not considered by the court. The record reflects, however, that appellant filed written objections, that he appeared at the hearing and made his objections known, and that the court took the matter under submission. This is sufficient as far as the record is concerned, to refute appellant's argument that the court did not consider his objections. It is not fatal that the court neglected to recite in its order that it had considered appellant's objections. Further, it is manifest that the court considered the objections since certain items claimed by the conservators were disallowed.

■■ Appellant next asserts that the order is void for lack of findings of fact and conclusions of law. Respondents counter that findings are unnecessary because the order is nonappealable. However, Probate Code section 2101 provides that: "An appeal may be taken to the Supreme Court from any judgment, order or decree authorized in this division, except from an order appointing a temporary conservator under Chapter 11 of this division."

■ Thus the order is appealable, but since division 5 of the Probate Code governing conservatorships makes no provision for the procedure to be followed in this kind of hearing or for findings after hearing, we must resort to Probate Code, section 1702 of division 5, which reads: "Conservatorships shall be governed by the provisions of this division; provided, however, that *whenever no specific provision of this*

*division is applicable, then the provisions of Divisions 3 and 4 of this code shall govern* so far as they are applicable to like situations.'' (Emphasis added.)

Probate Code section 1230, a part of Division 3, provides in part: ''All issues of fact joined in probate proceedings must be tried in conformity with the requirements of the rules of practice in civil actions. . . .''

It is this Probate Code section upon which appellant relies, and with justification, since normally findings of fact and conclusions of law are required to support an order or judgment in a contested probate proceeding. (2 Witkin, Cal. Procedure, p. 1833.) However, this is not an inflexible rule. It was recently held in *Estate of Zavadil,* 200 Cal.App.2d 32 [19 Cal.Rptr. 132], at page 37, that:

''As for the applicability of section 1230, Probate Code, ' ''The manner in which the account of an executor or administrator is usually made up, and the manner in which objections thereto are usually presented (and this case is no exception), do not at all conduce to the development of issues such as arise upon the pleadings in a civil action . . . Exceptions to an account do not create 'issues of fact joined'. . . .'' ' ''

The claim for payment of expenses in this proceeding was, in effect, an accounting of conservators' expenditures on behalf of the conservatee during the period appellant was attempting to have himself appointed conservator. The language of *Zavadil* fits the case here as appropriately as though it had been written in response to the very question we have before us. Other cases holding findings unnecessary in a probate accounting are *Estate of Tretheway,* 32 Cal.App.2d 287, 293 [89 P.2d 679], and *In re Levinson,* 108 Cal. 450, 455 [41 P. 483, 42 P. 479]. ▆▆▆ Thus we conclude that the failure of the court to make specific findings on the petition for payment of expenditures on behalf of the conservatee was not reversible error.

The third order which appellant alleges to be erroneous, allowed attorney fees to counsel for the conservators. Appellant points out that the application for attorney fees was premature in that it was made ''prior to the expiration of three months from the issuance of letters.'' This language is not found in the provisions of the Probate Code governing conservatorship proceedings as there is no provision in division 5 of the Probate Code concerning motions for attorney fees. Section 1702, *supra,* provides that if no specific provision of division 5 is applicable, the provisions of divisions 3 and 4

apply. In Division 4, Probate Code section 1556.1, the quoted language is found, the pertinent part thereof reading: "At any time after the filing of the inventory and appraisement, but not prior to the expiration of three months from the issuance of letters of guardianship, any attorney who has rendered services to a guardian may petition the court for an order fixing and allowing his compensation for services rendered to that time."

However, appellant's objection is simply a plea in abatement, which should have been raised in the trial court. Appellant filed objections to the petition for attorney fees but did not specify premature filing, nor did he raise the point at the hearing during which he voiced his objections. Under the rule enunciated in *Preston* v. *Knapp*, 85 Cal. 559, 561-562 [24 P. 811], and approved in *MacKenzie* v. *Angle*, 82 Cal.App. 2d 254, 262 [186 P.2d 30], and *Smith* v. *Stuthman*, 79 Cal. App.2d 708, 710 [181 P.2d 123], a plea in abatement cannot be raised for the first time on appeal. (2 Witkin, Cal. Procedure, § 564, p. 1566.) Furthermore, in this case the court did not act on the application for approximately two months after the petition was filed, or until well after the three months' period had elapsed. Thus no harm could have come to the estate of the conservatee in this instance.

Appellant also objects that no findings of fact were filed. The record reflects that the court incorporated findings in the order allowing attorney fees. Findings of fact need not be prepared and filed separately in a probate proceeding if the trial judge makes findings in connection with his order. (*Estate of Rosland*, 76 Cal.App.2d 709, 711 [173 P.2d 830]; *Estate of Fowler*, 56 Cal.App.2d 451, 456 [132 P.2d 535].) Finally, the requirement that findings of fact must be filed five days before entry of judgment is directory only, and the fact the court incorporated its findings in the probate order allowing attorney fees does not vitiate the order. (*Harriman* v. *Tetik*, 56 Cal.2d 805, 810 [17 Cal.Rptr. 134, 366 P.2d 486], and cases cited therein.)

The orders appealed from are affirmed.

Brown, J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

Appellant's petition for a hearing by the Supreme Court was denied July 11, 1962.