[Civ. Nos. 36405, 36406. Second Dist., Div. Five. June 30, 1970.]

Conservatorship of the Person and Estate of
EUGENIA CLAIR SMITH.
WILLIAM VAN R. SMITH, JR., Petitioner and Respondent, v.
BANK OF AMERICA et al., as Co-conservators, etc.,
Objectors and Appellants.

## COUNSEL

Norman & Lilly and David G. Lilly for Objectors and Appellants.

Kenneth M. Young and Robert S. Kaufman for Petitioner and Respondent.

## OPINION

**REPPY, J.**—In proceeding No. P 504613 of the Superior Court of the State of California for the County of Los Angeles, Bank of America Na-

tional Trust and Savings Association (Bank) and Ivan Townsend Smith (Ivan) have been and are co-conservators of the estate of Eugenia Clair Smith (Eugenia), an elderly woman, and Ivan has been and is conservator of her person. In that proceeding, a grandson, William Van R. Smith, Jr., (William), filed a multipurpose petition designed primarily to have himself and United California Bank appointed as co-guardians of the estate of Eugenia and to have an appropriate individual appointed as guardian of her person and, concurrently, as an appropriate incident to the creation of such guardianship, to terminate the conservatorship and to have Bank and Ivan render a full report of their actions and distribute the assets of the conservatorship to the co-guardians; but alternatively to secure an order removing Bank and Ivan as co-conservators of Eugenia's estate and Ivan as conservator of her person. Apparently, in either event, William sought to have Bank and Ivan return fees and commissions allegedly paid out improperly.

Bank and Ivan made a motion to dismiss the multipurpose petition of William. Bank, by itself, made a motion to disqualify William's attorneys, asserting that one of them, in representing William in connection with his multipurpose petition, was engaging in representation adverse to a former client. Both motions were denied.

Bank and Ivan appealed the denial of their motion to dismiss. (Appeal No. Civ. 36406.) Bank, by itself, separately appealed the denial of its motion to disqualify the attorneys of William. (Appeal No. Civ. 36405.)

William, before this court, makes a motion in each appeal to dismiss such appeal on the ground that the order appealed from, in each instance, is nonappealable. We consolidate the two motions for the purpose of rendering this opinion and ruling on them. A duplicate original of this opinion is being filed in each appeal.

In support of his motion to dismiss the appeals, William suggests that the language in Probate Code section 2101 (part of division 5 of the Probate Code dealing with conservatorships) specifying as appealable "any . . . order . . . authorized in this division . . ." means *specifically* authorized either because such an order is actually mentioned in the context of division 5 or because a particular procedure, which obviously calls for an order to be made upon its having been pursued and considered, is specifically set forth. He points out that neither an order nor a procedure for disqualifying an attorney or for dismissing a petition to establish a guardianship, terminating a conservatorship, removing and substituting conservators, or restoring allegedly improperly paid out allowances are provided for in division 5 of the Probate Code.

Bank and Ivan contend that such procedures should be considered as authorized by division 5 because they are authorized, at least by implication, in general probate proceedings which can be looked to because section 1702 (in division 5) says that "[W]henever no specific provision of this division is applicable, then the provisions of Divisions 3 (*commencing with Section 300*) [General Probate] and 4 (*commencing with Section 1400*) [Guardianships] . . . shall govern," and because section 1233 (part of division 3), in turn, says that except as otherwise provided by the Probate Code and Judicial Council rules, "the provisions of Part 2 . . . of the Code of Civil Procedure are applicable to . . . [probate] proceedings . . . ." It is pointed out that Code of Civil Procedure section 437c (a portion of part 2) sets up the procedure to have an action summarily dismissed which has no merit on motions supported by fact affidavits, which procedure, it is urged encompasses the motion to dismiss the multipurpose petition of William. Bank points to no section supportive of its motion to disqualify the attorney but suggests that the Code of Civil Procedure impliedly sanctions such, citing *Meehan* v. *Hopps,* 45 Cal.2d 213, 215-216 [288 P.2d 267].

■ Appeals in general probate and guardianship matters are limited. (Prob. Code, § § 1240, 1630.) It would be inappropriate and inexpedient to have all conservatorship orders, through the incorporating device suggested by Bank and Ivan, including every order made within the inherent power of the courts, appealable when similar orders would not be so appealable in general probate and guardianship matters. The noted probate authority, Newcomb Condee, states the rationale for the desirability of limitations on appeals in probate matters: "One reason given for the restriction on appeals in probate matters is the fact that probate law is very selfish and resents the interference of outsiders. . . . It abhors delaying tactics and if there was a free appeal in every probate matter, estates could be unreasonably delayed.

"If the interests of anyone are affected by a probate order and he would be harmed, he has available the possibility of obtaining a writ of mandate or writ of prohibition from an appropriate court." (3 Condee Probate Court Practice, Trials, New Trials and Appeals (2d ed.) § 1982, p. 122.)

This rationale, of course, is as applicable to conservatorships as it is to guardianships and general probate proceedings.

■ The orders denying the motions to dismiss the multipurpose petition of William and to disqualify his attorneys would not be appealable in general probate or guardianship proceedings. The order *denying* the motion to dismiss, in effect a motion for a summary judgment, is not even appealable in regular civil matters. An order denying a motion to dis-

qualify an attorney in regular civil cases may be appealable (*Getrost* v. *Lanham,* 200 Cal.App.2d 801, 802 [19 Cal.Rptr. 686]), but since such a ruling is not listed within the appealable orders in general probate and guardianship matters it would not be appealable if made in one of such proceedings. ■ We feel that the Legislature did not intend by the scheme set up under section 1702 that, in conservatorship matters, from the standpoint of the appealability of orders, we should go beyond making applicable to conservatorships specifically spelled out general probate and guardianship procedures which themselves clearly call for orders. This, we think, makes an appropriate delineation of the legal prescriptions of section 2101 and section 1702 found in division 5 of the Probate Code.

Incidentally, we note that an independent segment of the multipurpose petition of William is in reality a proceeding under division 4 of the Probate Code relating to guardianships. The appealability of the order denying the motion of Bank and Ivan to dismiss William's petition to create a guardianship and have co-guardians of the estate of Eugenia and a guardian of her person appointed should be governed by the limitation of appeals found in section 1630. Although this section says that an appeal may be taken from an order granting or revoking letters of guardianship or refusing to do so, it says nothing about taking an appeal from an order denying a motion of a summary nature to dismiss a petition to have letters granted.[1]

Bank and Ivan say that C.E.B. text writers are in accord with their views, citing C.E.B. works on conservatorships, section 2.20, and on civil appellate practice, section 5.42 (all orders are appealable). However, this is general language only and the sole citation is section 2101, Probate Code. Bank and Ivan also refer to *Conservatorship of Oliver,* 203 Cal.App.2d 678 [22 Cal.Rptr. 111], as being supportive of their position. Their confidence in this decision is misplaced. Two features were involved in *Oliver*: (1) There was an order for attorney's fees which was held to be appealable on the theory that under section 1702 (division 5), section 1556.1 (division 4) was applicable. Section 1556.1 makes a specific provision in guardianships for the right of an attorney to petition for fees within three months after letters of guardianship are issued. Thus, this falls within the specific-provision-with-order-contemplated concept. (2) There was an order allowing a conservator expenses pending his attempt to be made conservator, the protestant saying that the order was void because not supported by

---

[1] We question the propriety of having that part of Williams' multipurpose petition seeking the establishment of the guardianship filed under the case number of the conservatorship. It should be segregated, perhaps by having a photographic copy of the multipurpose petition filed under a new case number to be utilized only for the guardianship aspect of the petition.

findings of fact. The appellate court ruled that the expense claim was, in effect, an accounting; that the order allowing same was appealable because the account and objection procedure was authorized by division 5 of the Probate Code itself. The inquiry through section 1702 was only to determine under what procedural format the order should be tested. Under that section the court looked tentatively to section 1230 (part of division 3) which says that all issues of fact in probate matters must be tried in conformity with rules of practice in civil actions. Such rules, it was pointed out, require findings of fact when issues have been joined. However, it was declared that under *Estate of Zavadil,* 200 Cal.App.2d 32 [19 Cal.Rptr. 132], an accounting and an objection thereto does not join issues of fact. Thus, it was held that no findings were necessary and objector's point had no merit. Consequently this case affords Bank and Ivan no comfort.

In *Conservatorship of Harvey,* 5 Cal.App.3d 690 [85 Cal.Rptr. 469], it was held, against a claim of nonappealability, that an order was appealable. However, as pointed out by William, it was ruled that the claim that the objector was attempting to appeal from the overruling of his objection to the allowance of certain fees to the conservator, nonappealable under *Estate of O'Connor,* 200 Cal. 646, 649 [254 P. 269], was misconceived; that, rather, the appeal was from the order approving the account in which the allowance was listed; and that, since the conservator was not only authorized by the provisions of division 5, but required, to file an account, the order approving the account and allowing the fees reflected therein was appealable under section 2101.

The orders purportedly appealed from by Bank and Ivan, being nonappealable, this court has no jurisdiction to deal with them (*Estate of Bartholomae,* 261 Cal.App.2d 839, 842 [68 Cal.Rptr. 332]), so the motions of William must be granted and the appeals must be and they are dismissed. (*Estate of Vail,* 168 Cal.App.2d 147, 149 [335 P.2d 501].)

Kaus, P. J., and Stephens, J., concurred.