[Civ. No. 17449.   First Dist., Div. Two.   Nov. 20, 1956.]

AXEL E. NEILSEN, Appellant, v. JACK SAYLORS et al., Respondents.

O. A. Goth and James M. Dennis for Appellant.

Ryan & Ryan, Thomas Michael Ryan and Daniel V. Ryan for Respondents.

DRAPER, J. pro tem.*—Plaintiff's complaint was on the common counts, seeking from all defendants a balance allegedly due for merchandise sold.   Defendants Carlen and Nelson cross-complained in interpleader, alleging that they had pur-

*Assigned by Chairman of Judicial Council,

chased lumber from defendants Saylor and Growers Lumber Company and owed therefor an amount in excess of the prayer of the complaint. Named as cross-defendants were the assignee for benefit of creditors of defendant Growers Lumber Company (who was not a party to the action as originally filed), plaintiff and all defendants except cross-complainants. It was alleged that the cross-defendants asserted conflicting claims to the amount admittedly owed by cross-complainants. Upon motion by cross-complainants under Code of Civil Procedure, section 386, and after deposit in court of the amount admitted due, they were directed to litigate among themselves their conflicting claims to the fund.

Three months later, cross-complainants moved to set aside that order under Code of Civil Procedure, section 473. They alleged that in fact they had paid more than was due for the lumber purchased by them but, through excusable neglect, their books had shown a balance remaining due when the cross-complaint was filed. Their motion was granted. The court vacated its earlier order, and directed repayment to cross-complainants of the amount previously deposited in court.

Plaintiff appealed from the order vacating the order in interpleader. Cross-complainants move to dismiss the appeal upon the ground that the order of vacation is not an appealable order.

It seems clear that the latest order is not appealable unless it is "a special order made after final judgment" (Code Civ. Proc., § 963). If the original order in interpleader were appealable as a final judgment, it would follow that the order vacating it is within the quoted language, and is itself appealable (*Casner* v. *Superior Court*, 23 Cal.App.2d 730 [74 P.2d 298]; *Colby* v. *Pierce*, 15 Cal.App.2d 723 [59 P.2d 1046]).

But an order of substitution of defendants, made under Code of Civil Procedure, section 386 upon deposit in court has been held not a final judgment, and therefore not appealable. (*Camp* v. *Oakland Mortg. etc. Co.*, 205 Cal. 380 [270 P. 685].) In *Cassidy* v. *Norton*, 25 Cal.App. 433, 435 [143 P. 1057], it is said that review of such an order must be sought upon appeal from the final judgment in the case.

Appellants argue that the proceedings discussed in those cases involved the first clause of Code of Civil Procedure, section 386, which permits substitution of a conflicting claimant for the original defendant, upon deposit in court; whereas the present proceeding is by way of cross-complaint in interpleader, as permitted by the second clause of the section. But

this distinction, referred to in *Hellman Commercial etc. Bank v. Alden,* 206 Cal. 592 [275 P. 794], appears to have no bearing on the appealability of the interlocutory order for deposit of funds and discharge of the stakeholder.

We see no reason to give detailed consideration to the asserted distinction here, as it is apparent that appellant is not a "party aggrieved" (Code Civ. Proc., § 938) by the order. Vacation of the interlocutory order restores appellant to the position he held when the action commenced, and relieves him of any bar to full prosecution of his claims against respondents Carlen and Nelson. Appellant argues only that by reason of the interlocutory order he has filed pleadings making certain "admissions" which he would otherwise not have made. He does not contend that these admissions are untrue or inaccurate. We cannot see that truth impedes the search for justice, or that the pleading of it is a ground for appeal by the pleader.

Appellant's claims can be fully reviewed upon appeal, if any, from such final judgment as may be entered here. The motion to dismiss this appeal is granted, without prejudice to such review upon appeal from final judgment herein.

Dooling, Acting P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied December 20, 1956, and appellant's petition for a hearing by the Supreme Court was denied January 16, 1957.