[Civ. No. 6571. Fourth Dist. June 8, 1961.]

Conservatorship of the Person and Estate of ELIZABETH ELLEN OLIVER, Conservatee. EVAN D. OLIVER, Appellant, v. JANE ELLEN ALLEN et al., Respondents.

Evan D. Oliver, in pro. per., for Appellant.

Andrews & Andrews and James F. Thaxter for Respondents.

GRIFFIN, P. J.—On July 11, 1960, Jane Ellen Allen and Rosemary Rochholz, granddaughters, petitioned the Superior Court of Fresno County for appointment as conservators of the person and estate of their grandmother, Elizabeth Ellen Oliver, aged 86, alleging that she was unable to properly care for herself and her property. Objection thereto was filed by Evan D. Oliver, son, alleging petitioners were not fit or proper persons to act as conservators. It is likewise alleged that there was a prior action pending to determine the conservatorship of her person and estate which had been filed in Los Angeles County and transferred to Fresno County; that on July 21, 1960, objector here was appointed in Los Angeles County temporary conservator pending the disposition of objector's petition for appointment as permanent conservator.

The prayer of the objector to the present proceeding, Evan D. Oliver, was that the petition be denied and that he be appointed, and that the two actions be consolidated for hearing at the same time.

On August 12, 1960, by stipulation of respective counsel, it was ordered that the proceeding here be consolidated with the other proceeding for hearing, at the same time and reserving for determination by the court all questions of jurisdiction involved in either of the proceedings. After hearing, on September 6, 1960, it was ordered by Judge Kellas that objector's petition for appointment be denied, the present petition be granted and Jane Ellen Allen be appointed conservator of the person of Mrs. Oliver and the Security-First National Bank (Fresno) be appointed conservator of her estate, with certain directions and designating additional powers to be exercised. Letters were issued accordingly.

On September 14, 1960, Evan D. Oliver, through his attorney, appealed from the:

". . . following judgments or orders made in the above-entitled matter:

"1. From the Order entered in proceedings No. 33443 appointing Jane Ellen Allen conservator of the person . . ."

"2. From the Order entered in proceeding No. 33443 appointing the [bank] . . . conservator of the estate . . .

"3. From the Order entered in proceeding No. 33508 denying the appointment of Evan D. Oliver as conservator of the person and estate . . ."

On September 15, 1960, counsel for conservators moved in the trial court, under Probate Code, section 2102, for an order directing the exercise of their powers as conservators as

though no appeal were pending from the orders appointing them. Said motion was granted and it was so ordered on September 20, 1960, by Judge Kellas.

On September 29, 1960, counsel for Evan D. Oliver filed an abandonment of appeal which reads that he has "and does by these presents abandon his appeal to the Supreme Court of the State of California, which said Notice of Appeal was heretofore filed in the above-entitled matter."

The respective counsel petitioned the court to allow certain claims, attorney's fees and costs from the estate. Evan D. Oliver appeared in propria persona and objected to such allowances. A hearing was had and the matter submitted. On November 3, 1960, Oliver obtained an agreement of his attorney to substitute himself out and to allow Oliver to proceed in propria persona.

On November 3, 1960, Oliver filed a notice of appeal, appealing from the order and judgment entered on September 6, 1960 "denying the petition and making certain other orders in said action."

On November 4, 1960, Oliver, in propria persona, filed another notice of appeal, appealing from the order and judgment entered on September 6, 1960, "denying objections, appointing conservators, and making certain other orders in said action [Number 33508]."

On November 14, 1960, counsel for conservators filed a motion in the superior court to strike from the files said notices of appeal and objections to petition for allowance of attorney's fees on the grounds that since there had been an abandonment of a prior appeal and the abandonment was in effect an affirmance of the judgment, it was not subject to a second appeal.

On December 1, 1960, Judge Goldstein heard that motion and concluded that he had no jurisdiction to strike said documents and denied it without prejudice. He then ordered that the previous order of Judge Kellas of September 20, 1960, directing the exercise of the powers of the conservators as though no appeal were pending be confirmed and continued in full force and effect.

On December 30, 1960, Judge Kellas ordered attorney's fees and costs allowed and directed payment. On January 19, 1961, Oliver filed another notice of appeal from that part of the order and judgment entered on December 1, 1960, directing the exercise of the powers of said conservators as though no appeal were pending, and holding that the former order

of September 20, 1960, was in full force and effect.

On January 23, 1961, Oliver filed still another notice of appeal from a minute order of December 27, 1960, allowing payments of attorney's fees and costs and from a similar signed order entered December 30, 1960.

On April 28, 1961, counsel for conservators moved in this court to dismiss the first two of said appeals on the grounds that said appeals were barred as a result of a voluntary, written abandonment of a prior appeal from the same orders, and as to the third of said appeals from the order of Judge Goldstein of December 1, 1960, confirming the previous order of December 6 in reference to directing exercise of powers of conservator on the grounds that the issues raised by said appeal are moot and the appeal is frivolous since the original order directing exercise of powers of conservators became final on the abandonment of the appeal. (Citing rule 19(a), Rules on Appeal; Code Civ. Proc., § 955; *Estate of Corcofingas*, 24 Cal.2d 517 [150 P.2d 194]; *Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274 [153 P.2d 714]; *Sullivan* v. *Gage*, 145 Cal. 759 [79 P. 537].)

In opposition to the motion to dismiss the appeal, Oliver, in propria persona, claims that the notices of appeal of November 3 and 4 appealed from the entire judgment and the notice of appeal filed by his attorney on September 14 appealed only from specific portions of it. It is further claimed by Oliver that he did not authorize his counsel to abandon his appeal with prejudice, that he received nothing from respondent in exchange for said abandonment and also that he was not informed of the action of his counsel and for this reason counsel was without authority to abandon said appeal unless the same was done without prejudice to another appeal.

Oliver then recites that he has a meritorious appeal and opposed its dismissal. The principal question here involved is the legal effect of filing a second notice of appeal in the superior court before setting aside the abandonment of the appeal in that court.

The notice of appeal of September 14, filed by objector's attorney, sufficiently described the judgments and orders as rendered in the consolidated action on September 6, 1960, and from which the appeal was taken so as to include the whole of said judgments and the inseparable orders contained therein. Two separate judgments and orders were rendered in said consolidated actions on September 6, 1960. Oliver's

attempt to segregate the judgments and orders in these consolidated actions by subsequently filing two notices of appeal was ineffectual for this purpose. [██ In *Wolfson* v. *Beatty*, 118 Cal.App.2d 392, 398 [257 P.2d 1017], it was held that:

"Where two lawsuits are ordered consolidated for trial, and actually tried together, there should be but one set of findings of fact and conclusions of law and one judgment. If there is a duplicate set of findings of fact and conclusions of law, it will be considered an inadvertence of the trial judge and they will be considered for all purposes as one document . . . ." (See also *Rediker* v. *Rediker*, 35 Cal.2d 796 [221 P.2d 1, 20 A.L.R.2d 1152].)

Code of Civil Procedure, section 955, provides: "EFFECT OF DISMISSAL. The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

Rule 19(a), Rules on Appeal, provides: "At any time before the filing of the record in the reviewing court, the appellant may file in the office of the clerk of the superior court a written abandonment of the appeal; or the parties may file in said office a stipulation for abandonment. The filing of either document shall operate to dismiss the appeal and to restore the jurisdiction of the superior court. . . ."

In the instant case, there was no record on appeal in this court at the time of the filing of the abandonment of appeal in the superior court. Although it has not been definitely decided in this state, we conclude that the filing of the abandonment of the appeal operated as a dismissal of it. (*Allen* v. *Brice*, 40 Cal.App.2d 93 [104 P.2d 374]; *Sullivan* v. *Gage, supra*, 145 Cal. 759, 770; *Smith* v. *Superior Court*, 21 Cal.App.2d 160 [69 P.2d 176].) The dismissal is, in effect, an affirmance of the judgment. (3 Witkin, California Procedure, § 157, p. 2343; *King* v. *Goldberg*, 159 Cal. App.2d 543 [323 P.2d 1035].) Furthermore, in the instant case, the dismissal or abandonment was not expressly made without prejudice.

 The rule appears to be that before filing the subsequent appeals by Oliver, in propria persona, it was necessary for him to first make an application in the superior court to set aside the abandonment where the abandonment was not expressly made without prejudice. These authorities appear to contemplate such action: *California Trust Co.* v. *Garbett*, 46 Cal.App.2d 108 [115 P.2d 586]; *Evola* v. *Wendt Construc-*

*tion Co.,* 158 Cal.App.2d 658 [323 P.2d 158]; *Howard* v. *Howard,* 141 Cal.App.2d 233, 244 [296 P.2d 592]; *Winslow* v. *Harold G. Ferguson Corp., supra,* 25 Cal.2d 274, 282; 5 Corpus Juris Secundum 510, section 1387.

We therefore conclude that since Oliver made no application to the superior court to be relieved of the effect of the written abandonment of his appeal before attempting to again appeal, the attempted appeals of November 3 and 4, from the same judgments and orders, were ineffectual as to the judgments and orders of September 6, 1960.

While under our ruling it does not become necessary to consider it, there has been lodged with this court an affidavit of Oliver's former attorney denying the facts alleged by Oliver that he did not authorize his counsel to abandon his appeal with prejudice; that he received nothing from respondent in exchange for said abandonment; that he was not informed of the action of his counsel; and that his counsel was without authority to abandon the appeal. Attached to said affidavit is a photostatic copy of a letter directed to said counsel and signed by E. D. Oliver which states in part that: "It has been decided after a conference with the family that we will not move to further perfect an appeal in the matter of my mother's conservatorship."

A mere reading of this letter would warrant any court in refusing to give credence to Oliver's affidavit and claim in this respect.

The appeal from the order of Judge Goldstein made on December 1, 1960, should be dismissed as moot. In *Converse* v. *Joslin,* 176 Cal.App.2d 638, 648 [1 Cal.Rptr. 777], it was held that the affirmance of an order dismissing an action as to the defendant renders of no consequence other orders covered by notice of appeal, since, if reversed, they would avail plaintiff nothing and the appeal as to them could be dismissed as moot.

Motion to dismiss certain appeals granted.

Shepard, J., and Coughlin, J., concurred.

A petition for a rehearing was denied June 29, 1961, and appellant's petition for a hearing by the Supreme Court was denied August 2, 1961.