[S. F. No. 22753. In Bank. Oct. 15, 1970.]

RUBIN L. GOLD, as Conservator, etc., Petitioner, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
DAVID JAY MORGAN, Real Party in Interest.

COUNSEL

Jerome Berg for Petitioner.

No appearance for Respondent.

David Jay Morgan, in pro. per., Lyons & Morgan and Richard P. Lyons for Real Party in Interest.

OPINION

SULLIVAN, J.—We are called upon to determine whether an appeal from an order of the probate court made in a conservatorship proceeding[1] automatically stays the operation and effect of the order appealed from.[2] We have concluded that it does and that respondent court is without power to enforce the order by proceedings for contempt. We order issuance of a writ of prohibition.

Petitioner Rubin L. Gold is the conservator of the person and estate of his daughter Carole B. Gold. Real party in interest David Morgan is an attorney who formerly represented Miss Gold and her conservator in various matters and to whom the conservatorship allegedly owes certain attorney's fees. In February 1969 a dispute arose between petitioner and Mr. Morgan, then attorney for the conservator, over Mr. Morgan's fees. Respondent court referred the matter to a court commissioner who found that the fees were reasonable and recommended that they be allowed. On February 19, 1970, the court approved the commissioner's report in its entirety and ordered petitioner to pay the fees in question on or before March 21, 1970.

In response to petitioner's statement to the court that he intended to take an appeal from the order, respondent court informed petitioner that such action would not stay enforcement of the order and that petitioner would be obligated to pay the fees as ordered. On March 11, 1970, respondent court entered a formal written order approving the commissioner's report and directing payment of the fees by the date previously specified.

Petitioner did not pay the fees but instead, on March 30, 1970, filed a notice of appeal from the order in question. On the same date, upon the basis

---

[1]Probate Code, division 5, sections 1701-2207. Hereafter, unless otherwise stated, all section references are to the Probate Code.

[2]Section 2101 provides: "An appeal may be taken from any judgment, order or decree authorized in this division [division 5], except from an order appointing a temporary conservator under Chapter 11 of this division."

of an affidavit of real party in interest, respondent court issued an order to show cause in re contempt directed against petitioner for his failure to pay the fees as ordered and made returnable on April 13, 1970. The hearing on the order to show cause was thereafter temporarily stayed by the Court of Appeal and by this court. Finally, we issued an alternative writ of prohibition.

Section 2102 provides: "An appeal from any judgment, order or decree shall stay the operation and effect thereof, *except that,* for the purpose of preventing injury or loss to person or property, the trial court may direct the exercise of the powers of the conservator, or may appoint a temporary conservator to exercise such powers, from time to time, as though no appeal were pending, and all acts of the conservator or temporary conservator pursuant to such directions shall be valid, irrespective of the result of the appeal." (Italics added.)

It is petitioner's position that by virtue of the above statute, the filing of the notice of appeal automatically stayed the enforcement of the order here involved. Although he recognizes that the statute contains an exception to its provision for a stay (see portion following italics, *supra*), he argues that real party in interest does not fall within the exception. For these reasons petitioner contends that the filing of an appeal divested the trial court of jurisdiction and that he is therefore not subject to contempt proceedings. As we have indicated, petitioner seeks a writ of prohibition or mandate.

The position of real party in interest is twofold: (1) that section 2102 does not provide for an automatic stay; and (2) that, in any event, the instant case falls within the express exception of the statute. In other words, he argues first, that since there was no stay at all, the trial court retained jurisdiction to enforce its order; and, secondly, that since "for the purpose of preventing injury or loss to person or property, the trial court may direct the exercise of the powers of the conservator, . . . as though no appeal were pending," the court below retained jurisdiction to enforce its order by such a direction even if there was a stay. On either basis, so the argument runs, the trial court had power to utilize proceedings for contempt.

From the foregoing diverging contentions two main issues emerge: (1) whether section 2102 provides for an automatic stay upon the taking of an appeal; and (2) assuming that it does, whether notwithstanding the stay, the trial court properly acted within the ambit of the statutory exception. We now turn to an examination of these questions.

We begin our analysis by considering the nature of the statute. In 1957 the Legislature enacted section 2102 as an integral part of division five of the Probate Code (§ 1701 et seq.), which created the relation of conservator-

ship. (Stats. 1957, ch. 1902, § 1, pp. 3306-3319; see 4 Witkin, Summary of Cal. Law (1960) Wills and Probate, § 341, at p. 3326.) No reported case coming to our attention has construed this particular section in the 13 years following its passage. (But see *Conservatorship of Oliver* (1961) 192 Cal. App.2d 832 [13 Cal.Rptr. 695], discussed *infra*.) We therefore confront a case of first impression.

■ In general, appeals in civil actions and proceedings are governed by the provisions of title 13 of the Code of Civil Procedure (§ 901 et seq.) as revised in 1968 (Stats. 1968, ch. 385, §§ 1, 2). Section 904 of that code provides that an appeal "may be taken in a civil action or proceeding" as provided in sections 904.1-904.5. Section 904.1 permits an appeal to be taken from a superior court "From an order or decree made appealable by the provisions of the Probate Court." (Code Civ. Proc., § 904.1, subd. (k).)
■ Probate Code section 2101, as we have already pointed out (see fn. 2, *ante*), makes all judgments, orders, and decrees in conservatorship proceedings (except an order appointing a temporary conservator) appealable. Section 2102 appears to provide a stay whenever an appeal is taken.

■ "Generally speaking, the taking of an appeal deprives the trial court of jurisdiction of the cause." (3 Witkin, Cal. Procedure (1954) Appeal, § 2, at p. 2143.) In some instances the mere perfecting of an appeal stays the proceedings in the trial court upon the order or judgment appealed from. (Code Civ. Proc., § 916, subd. (a);[3] 3 Witkin, *op. cit. supra,* Appeal, §§ 54-56, at pp. 2204-2208; California Civil Appellate Practice (Cont. Ed. Bar), §§ 8.42-8.48, at pp. 273-278.) In other instances, however, more is required to effectuate such a stay. Thus "[t]he perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money, . . . unless an undertaking is given. . . ." (Code Civ. Proc., § 917.1, based upon former § 942.)

Since Probate Code section 2102 by its express terms provides for a stay upon the mere filing of an appeal, it appears to be out of harmony with Code of Civil Procedure section 917.1 to which we have referred. On the one hand the order now before us is made appealable by section 2101 (see fn. 2, *ante*) and would thus seem to come within the ambit of section 2102; on the other hand the instant order is clearly one directing the payment of money, which under Code of Civil Procedure section 917.1 would normally require the giving of an undertaking in order to effect a stay. Nevertheless, as we shall ex-

---

[3]Section 916, subdivision (a) provides: "Except as provided in Sections 917.1 through 917.9, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

plain, we have concluded that despite the above statutory difference, section 2102 here involved prescribes no such requirement.

Since 1851, California statutes have required the giving of an undertaking to stay the effect of a judgment to pay money. (Stats. 1851, ch. 5, § 349, at pp. 106-107; cf. present Code Civ. Proc., § 917.1.) ■ The Legislature was certainly well aware of this fundamental rule of appellate practice (see 3 Witkin, *op. cit. supra,* Appeal, § 54, at pp. 2204-2205) in 1957 when it enacted section 2102, and must be deemed to have intended, by the enactment of this section, to provide a special rule for conservatorships and thus to create an exception to the usual rule prevailing in ordinary civil cases. We conclude that section 2102 provides for a specific stay applicable to *all* judgments, orders and decrees affecting a conservatorship upon the taking of an appeal and without the necessity of giving an undertaking. We now turn to examine the nature of the exception found in this statute.

The statutory exception to a stay on appeal provides in substance that the trial court retains jurisdiction to (a) "direct the exercise of the powers of the conservator" or (b) "appoint a temporary conservator to exercise such powers," notwithstanding the appeal "as though no appeal were pending." However the trial court has jurisdiction to take such action only "for the purpose of preventing injury or loss to person or property" and "all acts of the conservator or temporary conservator pursuant to such directions shall be valid, irrespective of the result of the appeal." ■ To put it another way, no act either directing the exercise of the conservator's powers or appointing a temporary conservator is valid after an appeal has been taken without first meeting the overriding condition of the statute that it is for the specified purpose of preventing injury or loss.

By specifically conditioning the application of the statute upon the prevention of injury or loss to person or property the Legislature has determined that the exception should be operative only in a limited class of cases. This language, with its emphasis upon preventive action, imports a sense of urgency. While such situations are not inconceivable, the necessity for immediate action to avert such potential injury or loss is not a common circumstance in the usual conservatorship proceeding. Thus, on its face, the language of the statute indicates (1) that the only instances properly falling within the ambit of the exception are those which present a necessity for preventive action against the particular risk contemplated by the statute; and (2) that such instances are probably rare. In sum, the language of this statute strongly suggests that the exception applies only to the exceptional case involving a risk of imminent injury or loss.

The effect of section 2102 also supports this conclusion. When an order is made which is properly within the exception, the conservator's acts pursu-

ant thereto are "valid, irrespective of the result of the appeal." (§ 2102.) Where, as in the instant case, the trial court's order directs the very act which constitutes the subject matter of the appeal, the exception operates to effectively deprive the appellant of his appeal. By validating the conservator's acts "irrespective of the result of the appeal" and notwithstanding the fact that the appellant ultimately prevails, the Legislature has created an extraordinary procedure. In essence, the Legislature appears to have determined that in some cases the need for speedy disposition of certain matters outweighs the interest in affording the affected parties a right of review. It is not our province to pass upon the wisdom of this determination. However, the Legislature also appears to have determined that cases which do not present such exigencies should be governed by the normal procedures applicable to most cases, including a right to effective appellate review. Thus we think that the Legislature intended to make an automatic stay applicable to all cases within section 2102 except those which clearly fall under the express exception. ■ We think that the fulfillment of both of the above legislative objectives requires that the application of the exception in section 2102 be carefully restricted. We therefore conclude that the section requires an affirmative showing in the trial court of extraordinary circumstances involving potential injury or loss of the sort contemplated by the statute before the exception applies.

Our foregoing conclusions find additional support in the history of the statute. Prior to the addition to the Probate Code in 1957 of division 5 dealing with conservatorships, the only procedure provided in said code for taking care of the person or property of another was found in division 4 (§§ 1400-1700) dealing with the relationship of guardian and ward. Institution of this relationship is available only for minors and for adults who are either insane or incompetent (Prob. Code, §§ 1403, 1404; *Selected 1957 Code Legislation* (1957) 32 State Bar J. 501, 585), and in the case of adults requires an adjudication of insanity or incompetency. (California Conservatorships (Cont. Ed. Bar) at p. xi.)

In 1953 the State Bar proposed that the relation of conservatorship be created by adding a new division to the Probate Code. (See 1952 State Bar Conference, Interim Report, Resolution No. 17 (1952).) The primary purpose of the proposed relation was "to remove the stigma felt to attach by a great many people to the adjudication of insanity or incompetency and the appointment of a guardian, resulting in regretful failure to seek the protection of the law in many cases."[4] A second purpose was to simplify and expedite the administration of estates under the protection of the law. (1952 State

---

[4] 1952 State Bar Conference, Interim Report, *supra*, at p. 17o; California Conservatorships, *op. cit. supra*, at p. 3; Mull and Farley, *1957 Legislative Program* (1957) 32 State Bar J. 13, 23.)

Bar Conference, Interim Report, *supra,* at p. 17o; California Conservatorships, *op. cit. supra,* at p. 3; see also California State Bar, Report of Conference Committee on 1952 Conference Resolution No. 17—Conservatorships (1954) at p. 1.) The final form taken by the proposed bill extended the benefits available to infirm persons beyond the protection previously afforded by the guardianship provisions of the code: "Conservatorships would be an alternative to guardianships in some instances and would provide the benefits of a conservator in certain others wherein guardianships are not now permissible." (Mull and Farley, *op. cit. supra,* at p. 23.) This bill became division 5 of the Probate Code in 1957. (Stats. 1957, ch. 1902, § 1, p. 3306; *Selected 1957 Code Legislation, op. cit. supra,* at p. 585.)

The reports of the State Bar committees responsible for the drafting of the conservatorship bill clearly show that present section 2102 dealing with stays pending appeals in conservatorship proceedings was based upon Probate Code sections 1631 and 1632, dealing with stays pending appeals in guardianship proceedings of insane and incompetent persons (Interim Report, *supra,* at p. 17m; 1954 Report at p. 22) and followed the latter sections closely in language. These reports also show that section 2102 was accepted as originally drafted without comment and without modification. In 1957 the Legislature in turn enacted this section, as proposed, and without amendment. It, therefore, appears that section 2102 was enacted to serve as to conservatorships the very purpose served by sections 1631 and 1632 as to guardianships of insane and incompetent persons.

Section 1631 provides: "An appeal from an order appointing a guardian for an insane or incompetent person shall stay the power of the guardian, except that, for the purpose of preventing injury or loss to person or property, the court making the appointment may direct the exercise of the powers of the guardian, from time to time, as though no appeal were pending, and all acts of the guardian pursuant to such directions shall be valid, irrespective of the result of the appeal." Section 1632 provides: "When an order appointing a guardian is reversed on appeal for error, all lawful acts in relation to the guardianship theretofore performed by such guardian after he has qualified are as valid as though the order were affirmed."

Section 1631 has been construed as staying the guardian's powers except in cases clearly presenting extraordinary circumstances. In *In re Stratton* (1933) 133 Cal.App. 738, 739 [24 P.2d 832], the court stated that the exception in the statute referred to "exceptional conditions" and suggested that the Legislature had adopted it to meet a comment of this court to the effect that an automatic stay in guardianship cases would lead to hardship " 'if the appellant be really incompetent [since] his property might be dissipated by designing persons during the pendency of the appeal.' " In *Guardianship of*

*Walters* (1949) 93 Cal.App.2d 208 [208 P.2d 713], the court issued a writ of supersedeas to stay proceedings under an order directing a guardian to take possession of an incompetent's property to prevent injury and loss thereof. The following language of the court is relevant to the issue in this case: "It appears from a reading of section 1631 that its purpose is to insure to one who has been declared incompetent the right to manage his own property pending an appeal from the order [appointing a guardian] unless he is proven incompetent to do so during that period and that, even then, control of his estate will not be taken from him and vested in a guardian except to the extent that the same is shown to be necessary in order to avoid loss or injury. *If the evidence is insufficient to support a finding of probable loss or injury to the estate pending the appeal, the court is without authority to place the management of the estate in the hands of the guardian. To do so without sufficient showing, or any showing of necessity, would defeat the statutory right of the alleged incompetent to maintain his affairs in statu quo until the determination of his appeal from the order of appointment.*"[5] (93 Cal.App. 2d at p. 214; italics added.)

It thus appears from the cases construing comparable provisions of the guardianship statutes that the purpose of these statutes is to permit an incompetent or insane person to exercise control over his person and property during the pendency of an appeal from an order appointing a guardian unless it is clearly shown that his estate would be endangered thereby. To prevent the afflicted person from being deprived of his property unfairly, the courts have required a strong showing that it would be contrary to his best interests to permit him to govern his own affairs during the pendency of the appeal. (*Guardianship of Walters, supra,* 93 Cal.App.2d at p. 214.)

The language of section 2102, which is virtually indentical to that of section 1631,[6] incorporates these objectives into conservatorship proceedings.

---

[5]Although we subsequently affirmed the order directing the guardian to take possession of the property of the alleged incompetent (*Guardianship of Walters* (1951) 37 Cal.2d 239, 251-252 [231 P.2d 473]) we did so on the limited basis that the Court of Appeal had not had "before it all the evidence which was before the trial court," and not on the basis that the Court of Appeal had misconstrued section 1631.

[6]The marked difference between the effect of an appeal as a stay in guardianship proceedings and such effect in conservatorship proceedings should be noted. Section 1631 dealing with the effect of an appeal in guardianship proceedings is found in chapter 14 of division 4 of the Probate Code which chapter covers appeals in all guardianships (for minors and for insane and incompetent persons) but provides for a stay in a very limited situation—in the single instance of an appeal from an *order appointing* a guardian for an *insane or incompetent person* when the *power* of the guardian is stayed. Section 2102 dealing with the effect of an appeal in conservatorship proceedings provides, in contrast, that an appeal from *any* judgment, order or decree shall stay its operation and effect. In view of the much greater availability of

■ Thus, the trial court may interfere with the freedom of action of the conservator,[7] only where it is clearly shown that such action is necessary to prevent "injury or loss to person or property." Any other construction of section 2102 would permit the deprivation of the conservator's *right* to control the affairs of the estate pending determination of the appeal. (See *Guardianship of Walters, supra,* 93 Cal.App.2d 208, 214.)

In many instances a stronger showing of potential harm may be required to invoke the statutory exception in section 2102 than to invoke the comparable exception in section 1631. In the case of a guardianship of an insane or incompetent person, since under section 1631, the power of the guardian is stayed by an appeal from the order appointing him, there may be a significant risk of dissipation of the afflicted person's property " 'by designing persons during the pendency of the appeal' " (*In re Stratton, supra,* 133 Cal.App. 738, 739); in the case of a conservatorship, however, the stay provisions are not confined to an appeal from an order appointing a conservator but as we have explained from "*any* judgment, order or decree." (Italics added.) Thus where the appeal is from an order, judgment or decree *other* than an order appointing a conservator, the conservatee's person and estate are not left unprotected from injury or loss. Under these circumstances we would think that situations involving injury or loss would rarely occur and that a stronger showing of risk of injury or loss would be required if the necessity was claimed to arise. It is our view that the person relying on the statutory exception should have the burden of establishing it.

■ We therefore conclude that section 2102 operates in the usual case to provide a stay upon the filing of an appeal, and that an exception lies to this rule only in cases presenting extraordinary circumstances clearly requiring direction by the court for the sole purpose of preventing injury or loss to the person or property of the conservatee. To fulfill this legislative purpose the statutory exception must be narrowly construed and carefully restricted.
■ The trial court retains jurisdiction to order the exercise of the conservator's powers only in extraordinary cases, and the burden of establishing such extraordinary circumstances is on the party relying on the exception. We now turn to the question whether such circumstances have been shown in the present case.

As we have noted, real party in interest contends that there are several factors in this case which bring it within the exception to the general rule

---

review in conservatorship cases (cf. § 1630 with § 2101), the stay provision found in section 2102 clearly confers a more extensive right to a stay.

[7] We are aware, of course, that in some circumstances the party seeking directions from the trial court may be the conservator. (See *Conservatorship of Oliver, supra,* 192 Cal.App.2d 832.) Accordingly, we speak of the conservator's freedom of action with this qualification in mind.

stated in section 2102. First, real party contends that the conservatee's property is *in custodia legis* and that the ordinary methods of enforcing the judgment are therefore not available to him. Since his judgment cannot be enforced in the ordinary manner, so he argues, the only enforcement procedure available to him is by way of contempt. Real party contends that this fact was known to the trial court and that the court therefore concluded that enforcement by an order to show cause in re contempt was proper because of the extraordinary circumstances of the judgment creditor.

This contention is obviously untenable. Any appointment of a guardian or conservator places the estate of the ward or conservatee *in custodia legis.* (*McCracken* v. *Lott* (1935) 3 Cal.2d 164, 166 [44 P.2d 355].) If the unavailability of ordinary enforcement procedures constituted exceptional circumstances sufficient to bring the case within the exception to section 2102 then *every* judgment creditor of the conservatorship could similarly enforce his judgment notwithstanding the availability of an appeal from the judgment. It is arguable, of course, that the exception to section 2102 was designed to cover exactly the case of a judgment creditor. In addition to being inconsistent with the history of the statute and its wording, such an argument suffers from an even more significant flaw: if accepted, the result would be that a conservator would have no effective appeal from an adverse judgment since the judgment creditor would be entitled to an enforcing order during pendency of the appeal and the acts of the conservator pursuant to the trial court's direction would be valid notwithstanding a reversal of the judgment on appeal.

Not only would this result undermine the general purpose of the conservatorship provisions of the Probate Code, namely, to encourage persons in need of assistance to avail themselves of the protection of the law (see text accompanying fn. 4, *ante*), but it would also defeat the specific purpose of section 2102. As we have noted this section operates to stay the judgment, order or decree appealed from except where prevention of loss or injury *requires* a different result. Real party's contention gratuitously assumes that judgment creditors uniformly face such potential loss. Not only does this assumption disregard the differing circumstances of particular judgment creditors, and the respective debtor estates, but it also disregards the allowance of interest. ■ Since any judgment creditor is entitled to interest pending appeal, such a creditor in a conservatorship proceeding is in no different position and cannot claim that the delay entailed in the appellate process constitutes extraordinary circumstances.

(10) Real party further contends that interest at the legal rate may be an insufficient remedy. He claims that the trial court was aware of the fact that the attorney's fees in question had been owing him for some time, and that

he was entitled to their payment without further depreciation in their value due to inflation and the disparity between legal and prevailing commercial interest rates. Neither of these factors constitutes unusual circumstances within the meaning of section 2102, however, for inflation and payment of interest at the legal rate are factors common to all judgment debtors during pendency of the appeal from their judgments. Thus, these factors cannot entitle real party to compel payment of the fees notwithstanding the appeal. Any relief to be had from the unfavorable effects of interest paid at the legal rate lies with the Legislature and not with the courts.

Thirdly, real party contends that his case is exceptional because the appeal taken here is frivolous. He urges us to pass on the merits and to dismiss the appeal. We decline to do so. Of necessity section 2102 stays the operation of the judgment below when an appeal is taken; nowhere in the statute is there any indication that a different result should be forthcoming when the appeal is claimed to be frivolous as compared to when it is not.

Finally, we turn our attention to the order of March 11, 1970, directing payment of the attorney's fees. After approving the fees and costs, the order provided: "That all sums due to said attorneys hereunder, together with legal interest, shall be fully paid to them by the Conservator from the Conservatorship Estate on or before the 21st day of March 1970." Since obviously this preceded the appeal, no argument can be made that the terms of the order met the requirements of the exception contained in section 2102. Nothing in the record before us shows that the trial court, either upon motion of the real party in interest or otherwise, directed "the exercise of the powers of the conservator" upon the condition and within the terms of section 2102. We point out that in *Conservatorship of Oliver, supra,* 192 Cal.App.2d 832, the moving party avoided the problem of showing compliance with the exception found in section 2102 by specifically moving for an order so directing the exercise of the conservator's powers. Such a procedure has the obvious advantage of directing argument to the narrow statutory question in the trial court and of requiring a finding of fact on the question of the existence of extraordinary circumstances. Nor can it be urged that the order to show cause in re contempt met the statutory requirement since this must assume the preexistence of an adequate and valid order to be enforced.

 Since the instant case does not fall within the statutory exception, the appeal taken from the order of the probate court entered on March 11, 1970 automatically stayed the operation and effect thereof. The probate court is therefore without jurisdiction to proceed with the enforcement of said order by contempt proceedings or otherwise (*Dow* v. *Superior Court* (1956) 140 Cal.App.2d 399 [297 P.2d 30]; see *Sacks* v. *Superior Court*

(1948) 31 Cal.2d 537, 540 [190 P.2d 602]) and a writ of prohibition should issue restraining respondent court from taking any steps or proceedings for the enforcement of the above order. (*Dow* v. *Superior Court, supra.*)

Let a peremptory writ of prohibition issue as prayed for.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.