[No. A053318. First Dist., Div. Five. Mar. 13, 1992.]

VERONICA V. ELSEA, Plaintiff and Appellant, v.
ANDY SABERI et al., Defendants;
OHIO CASUALTY INSURANCE COMPANY, Intervener and Respondent.

**OPINION**

**HANING, J.**—Plaintiff/appellant Veronica V. Elsea obtained a default judgment in a personal injury action against defendants Andy Saberi et al. After

the trial court denied defendants' motion to vacate the default judgment, they appealed. While defendants' appeal from the denial of their motion to vacate the judgment was pending, a different judge in the same court permitted intervener/respondent Ohio Casualty Insurance Company (Ohio Casualty), defendants' liability insurer, to intervene in the action, and vacated the judgment as to Ohio Casualty. Appellant appeals the orders granting Ohio Casualty relief. We reverse.

PROCEDURAL HISTORY AND FACTS

Appellant filed a personal injury action against defendants Andy Saberi and Sabek, Inc., a corporation of which Saberi is president. After defendants repeatedly ignored service of process and related notices, the court (Judge Browning) entered a default judgment against them in favor of appellant. Defendants' subsequent motion under Code of Civil Procedure section 473[1] to vacate the judgment, made through counsel retained by Ohio Casualty, was denied by a different judge (Judge Shelton), and defendants appealed. While defendants' appeal was pending, their liability insurer, Ohio Casualty, through different counsel, moved the trial court for leave to intervene and vacate the judgment. Ohio Casualty's motion was assigned to yet a third judge (Judge Stevens), who allowed it to intervene, and set aside the judgment as to Ohio Casualty.

DISCUSSION

I

■ Ohio Casualty contends the order setting aside the default judgment is not appealable. It argues that while orders under section 473 granting relief from default are ordinarily appealable, the order in this case is not, because it does not affect or relate to the prior judgment by enforcing it or staying its execution. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 400 [197 Cal.Rptr. 843, 673 P.2d 720]; *Raff* v. *Raff* (1964) 61 Cal.2d 514, 517-518 [39 Cal.Rptr. 366, 393 P.2d 678].)

It is well established that a direct appeal may be taken from an order granting a statutory motion to set aside a default judgment (*Moreno* v. *Venturini* (1969) 1 Cal.App.3d 286, 289, fn. 7 [81 Cal.Rptr. 551]) so long as the underlying judgment sought to be vacated is an appealable final judgment (*Neilsen* v. *Saylors* (1956) 146 Cal.App.2d 139, 140 [303 P.2d 781]) and is not conditioned on a second order unconditionally vacating the judgment. (*Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 450-451 [301 P.2d 264].)

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

The order setting aside the default judgment as to Ohio Casualty satisfies the requisite criteria. Clearly, the reason Ohio Casualty sought to vacate the judgment was to prevent enforcement thereof against it. (See Ins. Code, § 11580, subd. (b)(2).) Consequently, the order vacating the judgment is appealable.

## II

Appellant contends the trial court lacked jurisdiction to vacate or modify the judgment because it was on appeal. Ohio Casualty rejoins that because the section 473 motions to vacate filed by it and defendants are separately appealable, its own motion to vacate was a collateral matter residing within the trial court's jurisdiction.

As a general rule, "the perfecting of an appeal stays [the] proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ." (§ 916, subd. (a).) The trial court's power to enforce, vacate or modify an appealed judgment or order is suspended while the appeal is pending. (*Gold* v. *Superior Court* (1970) 3 Cal.3d 275, 280 [90 Cal.Rptr. 161, 475 P.2d 193]; see *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d 356, 359 [232 Cal.Rptr. 785].) Further trial court proceedings in contravention of the section 916 stay are in excess of the court's jurisdiction, including motions under section 473 to vacate default judgments. (*Copley* v. *Copley* (1981) 126 Cal.App.3d 248, 298 [178 Cal.Rptr. 842].)

The purpose of the rule depriving the trial court of jurisdiction during the pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it. (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381 [205 Cal.Rptr. 880].) Accordingly, whether a matter is "embraced" in or "affected" by a judgment within the meaning of section 916 depends upon whether postjudgment trial court proceedings on the particular matter would have any impact on the "effectiveness" of the appeal. If so, the proceedings are stayed; if not, the proceedings are permitted. (*Ibid.*) Because the trial court's ruling on Ohio Casualty's section 473 motion affected enforcement of the default judgment, it impacted on the effectiveness of the pending appeal and therefore was in excess of the court's jurisdiction.

Ohio Casualty's reliance on *Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459 [258 Cal.Rptr. 907] and *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865 [151 Cal.Rptr. 285, 587 P.2d 1098] is misplaced. *Jade K.* held that an

insurer could intervene and set aside a default judgment against its insured as to itself. However, at the time the judgment was vacated in *Jade K.*, there was no appeal pending, and the trial court still had jurisdiction to act. In *Clemmer*, the plaintiffs obtained a default judgment against an insured defendant and thereafter filed a direct action against the insurer to satisfy the judgment. The insurer did not move to vacate the underlying default judgment, but in its defense to the direct action against it by plaintiff it claimed, inter alia, that it was not bound by the amount of the default judgment because it had not had an opportunity to litigate the damages. The Supreme Court rejected the insurer's claim, holding that its failure to intervene or move under section 473 to vacate the default judgment precluded it from challenging the damages in the direct action against it under Insurance Code section 11580. *Clemmer* did not deal with the jurisdictional issues present in the instant case, and therefore does not aid Ohio Casualty.

 In this case, after the default judgment was entered, Ohio Casualty retained counsel to represent defendants. The motion before Judge Shelton to vacate the default judgment entered by Judge Browning against the defendants was based on the claimed mistake, inadvertence, surprise or excusable neglect of Ohio Casualty, as well as that of defendants. The very same facts and conduct upon which Ohio Casualty relied in its section 473 claim for relief before Judge Stevens, were placed in issue in the prior section 473 motion before Judge Shelton, wherein Ohio Casualty asserted its own excusable neglect as grounds for vacating the judgment against defendants. Judge Shelton's order denied defendants relief from default without specifying whether defendants, Ohio Casualty, or both were responsible for the default. However, it is the issue of Ohio Casualty's prejudgment conduct, which was clearly before Judge Shelton, whose ruling was on appeal at the time Ohio Casualty filed the second motion, by different attorneys, that forms the basis of this appeal. Consequently, it is unmistakably clear that the claimed basis for relief in the instant case was previously asserted before a different judge in the prior motion, and the ruling on the prior motion was pending on appeal at the time the second motion was filed. The same ground for relief has again been advanced in both appeals.

Three different trial judges presided over issues relating to the judgment in this case. The record does not indicate why the superior court assigned these matters to different judges, but in the interests of consistency and efficiency, the better practice is to keep such matters with the same judge. During the hearing in the trial court on Ohio Casualty's section 473 motion, appellant advised Judge Stevens that Ohio Casualty advanced the same argument before Judge Shelton, and the record from the prior section 473 motion corroborated appellant's representation. At oral argument on appeal, Ohio Casualty suggested that Judge Stevens was merely asked to "clarify" Judge

Shelton's prior ruling, i.e., that Judge Shelton *may* have found Ohio Casualty's conduct excusable, while finding defendants' conduct inexcusable. Just how Judge Stevens was to divine Judge Shelton's intent was not explained, but if Judge Shelton's ruling needed clarification, Judge Shelton was the one to clarify it.

■ "A superior court is but one tribunal, even if it be composed of numerous departments. . . . An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department . . . ." (*Sandco American, Inc.* v. *Notrica* (1990) 216 Cal.App.3d 1495, 1508 [265 Cal.Rptr. 587], internal quotation marks omitted.) "[W]here a proceeding has been . . . assigned for hearing and determination to one department of the superior court . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . . If such were not the law, conflicting adjudications of the same subject-matter by different departments of one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]" (*Ibid.*, internal quotation marks omitted.) Therefore, "[o]ne department of the superior court cannot enjoin, restrain or otherwise interfere with the judicial act of another department of the [same court]." (*Ford* v. *Superior Court* (1986) 188 Cal.App.3d 737, 742 [233 Cal.Rptr. 607]; *Curtin* v. *Koskey* (1991) 231 Cal.App.3d 873 [282 Cal.Rptr. 706].)

In the companion appeal by the defendants (*Elsea* v. *Saberi*, A051833 [nonpub. opn.]) we ruled there was substantial evidence to support a finding by the trial court that defendants blatantly ignored the legal process. If defendants failed to cooperate with Ohio Casualty, their insurer, Ohio Casualty is not without recourse. Unlike the insurer in *Clemmer* v. *Hartsord*, *supra*, 22 Cal.3d 865, Ohio Casualty is not asserting a no-coverage defense under Insurance Code section 533, but rather appears to be claiming a lack of cooperation by defendants. It did attempt below to vacate the judgment on behalf of defendants, and due to the pendency of this appeal, upon remittitur there is sufficient time under section 473 for Ohio Casualty to seek relief on the basis of defendants' lack of cooperation, if such can be established. We express no opinion on the form of any relief Ohio Casualty may hereafter seek, nor on the relative merits of that controversy.

Reversed.

King, Acting P. J., and Low, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, First District, sitting under assignment by the Chairperson of the Judicial Council.