[No. E020602. Fourth Dist., Div. Two. Dec. 18, 1998.]

In re the Marriage of KIM DENISE and STEPHEN VARNER.
KIM DENISE VARNER, Appellant, v.
STEPHEN VARNER, Respondent.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A and C of the majority opinion, and the dissenting opinion.

COUNSEL

Henry P. Starr for Appellant.

Steven A. Becker for Respondent.

OPINION

McKINSTER, Acting P. J.—A former wife appeals from an order which modified her spousal support award by reducing the level of support, limiting it to one additional year, and terminating jurisdiction to make further modifications in it thereafter. Concluding that the trial court erred both in limiting support to one year and in terminating jurisdiction, we modify the order by striking those provisions and affirm it as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

After living together for about two years, Kim Denise Varner and Stephen Varner were married in December of 1977. At that time, Kim was 17 years old. They produced three children, born in 1978, 1979, and 1982.

The parties separated in either June 1983 or August 1984, and Kim petitioned for dissolution of their marriage in August 1984. The action was repeatedly continued and finally taken off calendar in October of 1985 when the parties reconciled. Two more children were born to the parties thereafter.

The parties again separated in September of 1989, and Kim resumed prosecution of the dissolution action. By a judgment entered in July of 1993 which incorporated a stipulation between the parties, the marriage was dissolved and the community property was divided. Primary physical custody of the five children was awarded to Kim. The judgment also ordered Stephen to pay family support to Kim in the sum of $6,000 per month. (Fam. Code, § 92.)[1] The court retained jurisdiction over child and spousal support.

In January of 1994, Kim moved to set aside the judgment on the grounds that Stephen had failed to disclose the full extent and value of the community property. (§ 2122, subd. (e).) The trial court denied the motion in June of 1994. Kim appealed that denial in August of 1994.

Meanwhile, in April of 1994, Stephen moved for a modification of family support. In September of 1994, the amount payable by Stephen was reduced

---

[1]Unless specified otherwise, all section references are to the Family Code.

to $2,000 per month. Following a further hearing, and in lieu of family support, in November of 1994 the trial court ordered Stephen to pay to Kim monthly child support in the sum of $930, and monthly spousal support in the sum of $870, for a total of $1,800. In April of 1995, child support was ordered reduced to $856 per month.

In January of 1997, Stephen moved for a further modification of his child support obligations and for a termination of his spousal support obligation. In April of 1997, the trial court ordered Stephen to pay spousal support of $750 per month from January of 1997 until January of 1998, when his obligation would reduce to zero. The order also provided that the court would retain jurisdiction over spousal support only until the end of 1998, at which time jurisdiction would terminate.

Kim appealed from that order in May of 1997. Several weeks later, our opinion was entered in Kim's prior appeal from the denial of her motion to set aside the property division. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128 [63 Cal.Rptr.2d 894].) In our opinion, we reversed the judgment and indicated that the reconsideration by the trial court of the proper division of the community property would be a change of circumstances sufficient to warrant a simultaneous review of the support orders. (*Id.*, at p. 146.)

ISSUES ON APPEAL

Although the parties raise a variety of contentions, we find it necessary to address only three: (1) Is the appeal properly brought? (2) Given the pendency of the appeal from the denial of the motion to vacate the prior judgment, did the trial court have jurisdiction to terminate its jurisdiction over spousal support? (3) Did the trail court abuse its discretion by reducing spousal support to zero?

DISCUSSION

A. *The Appeal Is Properly Brought.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 932.

B. *While the Appeal Challenging the Prior Judgment Was Pending, the Trial Court Lacked the Jurisdiction to Terminate Its Jurisdiction Over Spousal Support.*

The 1993 judgment provided, inter alia, that the trial "court retains jurisdiction over spousal support for the benefit of [Kim] until the death of either party, her remarriage or further order of the court." Kim contends that because her appeal of the denial of her motion to vacate that judgment was pending at the time of the hearing on Stephen's motion for modification, the trial court could not modify that judgment by terminating its jurisdiction over spousal support. She is correct.

 A timely notice of appeal suspends the trial court's jurisdiction over the cause and vests jurisdiction in the appellate court. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864 [245 Cal.Rptr. 1, 750 P.2d 778]; *Gold* v. *Superior Court* (1970) 3 Cal.3d 275, 280 [90 Cal.Rptr. 161, 475 P.2d 193]; *Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].) Accordingly, subject to certain exceptions not applicable here, ". . . the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ." (Code Civ. Proc., § 916, subd. (a).)

"The purpose of the rule depriving the trial court of jurisdiction during the pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it. (*In re Marriage of Horowitz* (1984) 159 Cal.App.3d 377, 381 [205 Cal.Rptr. 880].) Accordingly, whether a matter is 'embraced' in or 'affected' by a judgment within the meaning of section 916 depends upon whether postjudgment trial court proceedings on the particular matter would have any impact on the 'effectiveness' of the appeal. If so, the proceedings are stayed; if not, the proceedings are permitted." (*Elsea* v. *Saberi* (1992) 4 Cal.App.4th 625, 629 [5 Cal.Rptr.2d 742].)

 "Modification of the trial judge's order for child or spousal support while the issue of the validity of that amount is on appeal, when based upon a change of circumstances justifying a change in amount, does not interfere with the jurisdiction of the appellate court, since its review is based upon the record at trial." (*In re Marriage of Horowitz, supra,* 159 Cal.App.3d at p. 384.) Thus, the trial court did not lack the necessary jurisdiction to modify the amount of spousal support while the underlying judgment was on appeal.

██ However, when ruling "upon a motion for modification of support while that issue is on appeal, or even while property issues are on appeal, the trial court should not render an order terminating jurisdiction over the issue of support since, in the event of a reversal of property and/or support provisions of the interlocutory judgment requiring a retrial, the trial court must retain jurisdiction to make a new determination on the support issue based upon the facts and circumstances of the parties as they exist at the time of retrial." (*In re Marriage of Horowitz, supra,* 159 Cal.App.3d at p. 384.)

Although the *Horowitz* court phrased the issue in terms of what the trial court *should not* do, we see the issue in jurisdictional terms, i.e., what the trial court *cannot* do. The trial court cannot make any order which will lessen the effectiveness of the appellate court's opinion. The reversal of a judgment dividing community property and the reallocation of those assets upon remand constitute changed circumstances which may justify a modification of spousal support obligations. (See, e.g., *In re Marriage of Varner, supra,* 55 Cal.App.4th at p. 146.) If the trial court has, during the pendency of the appeal, ordered the termination of its jurisdiction over spousal support, then any modification of that support upon remand is impossible, and the effect of the appellate decision is diminished. We conclude that a trial court has no jurisdiction to terminate its jurisdiction over spousal support while an appeal of a judgment awarding spousal support or dividing community property is pending.

The trial court lacked jurisdiction to terminate its jurisdiction over spousal support. The portion of the order setting a date on which its jurisdiction would terminate must be stricken.[2]

C. *The Trial Court Abused Its Discretion by Reducing Spousal Support to Zero.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The spousal support order is modified by striking those portions which reduce support to zero in January 1998 and terminate the trial court's

---

[2]Here, the appeal is from the denial of Kim's motion to vacate the judgment, rather than from the judgment directly. However, no distinction is possible on that basis. If a direct appeal is successful, the judgment is reversed. A successful appeal of a denial of a motion to vacate results in a direction to vacate the judgment. Either way, the effect is the same.

\*See footnote, *ante,* page 932.

jurisdiction over support on December 31, 1998. As modified, the order is affirmed. Kim shall recover her costs on appeal.

Richli, J., concurred.

**WARD, J.,** Dissenting.*—

*See footnote, *ante*, page 932.