Filed 7/7/22  Brooks v. AmeriHome Mortgage Co. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| ANTHONY BROOKS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>AMERIHOME MORTGAGE COMPANY, LLC,<br><br>    Defendant and Respondent. | 2d Civil No. B313818<br>(Super. Ct. No. 56-2019-00524903-CU-OE-VTA)<br>(Ventura County) |

Appellant Anthony Brooks appeals from an order denying his motion to vacate a judgment approving a settlement in the Labor Code Private Attorneys General Act of 2004 (PAGA) action filed by Cheryl Ceballos against respondent AmeriHome Mortgage Company, LLC.  (Lab. Code,[1] § 2698 et seq.)  We affirm.

---

[1] Further unspecified references are to the Labor Code.

## FACTUAL AND PROCEDURAL HISTORY

*Brooks Action*

Brooks was an employee of AmeriHome. In January 2019, Brooks submitted a PAGA notice (§ 2699.3) to the Labor and Workforce Development Agency (LWDA) alleging violations for failure to (1) pay minimum and overtime wages, (2) provide meal periods and rest breaks, (3) timely pay wages during employment, (4) timely pay wages upon termination, (5) provide complete and accurate wage statements, and (6) reimburse business expenses. The next month, Brooks filed a PAGA complaint in Ventura County Superior Court in case number 56-2019-00524903 (*Brooks* Action) alleging the same violations.

AmeriHome moved to stay the PAGA action pending arbitration of Brooks's individual claims. Brooks filed a motion for preliminary injunction to enjoin the arbitration proceedings. The trial court granted Brooks's injunction and denied AmeriHome's stay. AmeriHome appealed, and we affirmed. (*Brooks v. AmeriHome Mortgage Company, LLC* (2020) 47 Cal.App.5th 624.) Superior court proceedings were stayed during the appeal.

*Ceballos Action*

In November 2019, Ceballos, another employee of respondent, submitted a PAGA notice to the LWDA alleging violations for failure to (1) keep adequate records, (2) provide meal breaks, (3) provide rest periods, (4) pay minimum wage, (4) pay overtime, (5) pay timely wages during employment, (6) provide complete and accurate wage statements, and failure to pay all wages upon termination. In February 2020, Ceballos filed her complaint in Ventura County Superior Court case number 56-2020-00540153 (*Ceballos* Action) alleging the same violations.

In March 2021, Ceballos and AmeriHome reached a settlement of the PAGA claims.  The trial court approved the settlement and subsequently entered its final judgment in the action.

*Motion to Vacate Filed in Brooks Action*

Brooks filed a motion in the *Brooks* Action to vacate the judgment in the *Ceballos* Action pursuant to Code of Civil Procedure section 663.  The trial court denied the motion.  The court stated:  "Plaintiff seeks to have this Court vacate an order and judgment entered by Judge Jeffrey Bennett in case 20-540153, Ceballos v. Amerihome Mortgage Co., LLC.  This Court declines to revisit the ruling made by Judge Bennett in the Ceballos matter."  Brooks filed a notice of appeal, identifying only the June 29, 2021 "order after judgment" "denying section 663 motion[]."

## DISCUSSION

Brooks argues the trial court erred when it denied his motion to vacate the judgment in the *Ceballos* Action.  We disagree.

Code of Civil Procedure section 663 provides that a "judgment or decree, . . . based upon a decision by the court . . . may, upon motion of the party aggrieved, be set aside and vacated by the *same court*, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment:  [¶]  (1) Incorrect or erroneous legal basis for the decision . . . .  [¶]  (2) A judgment or decree not consistent with or not supported by the special verdict."  (Emphasis added.)

"'A superior court is but one tribunal, even if it be composed of numerous departments. . . .  An order made in one department during the progress of a cause can neither be ignored nor

3

overlooked in another department . . . .' [Citation.] 'Where a proceeding has been . . . assigned for hearing and determination to one department of the superior court . . . it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned . . . .  If such were not the law, conflicting adjudications of the same subject-matter by different departments of one court would bring about an anomalous situation and doubtless lead to much confusion. [Citation.]' [Citation.]  Therefore, '[o]ne department of the superior court cannot enjoin, restrain or otherwise interfere with the judicial act of another department of the [same court].' [Citations.]" (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 631.)

Here, Brooks did not move to vacate the judgment in the *same court* that rendered the judgment.  Instead, he filed the motion in the trial court in which he pursued his own PAGA action—the *Brooks* Action.  The proper procedure would have been to file the motion in the *Ceballos* Action.  (See e.g., *Turrieta v. Lyft, Inc.* (2021) 69 Cal.App.5th 955, review granted Jan. 5, 2022, S271721; *Moniz v. Adecco USA, Inc.* (2021) 72 Cal.App.5th 56; *Uribe v. Crown Building Maintenance Co.* (2021) 70 Cal.App.5th 986.)  Because the *Brooks* court was without jurisdiction to vacate the judgment in the *Ceballos* court, there was no error in denying the motion.[2]

---

[2] Because we conclude the trial court properly denied the motion based on lack of jurisdiction to vacate the *Ceballos* judgment, we need not consider respondent's other arguments. We deny Brooks's request for judicial notice because the requested document is irrelevant to our resolution of the appeal.

4

## DISPOSITION

The order denying the motion to vacate is affirmed.
Respondent shall recover costs on appeal.
<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

5

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh and Talia Lux for Plaintiff and Appellant.

CDF Labor Law, Todd R. Wulffson, Nancy N. Lubrano and Adelyn M. Vigran for Defendant and Respondent.