Filed 1/19/23  Johanson v. Johanson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DONNA JOHANSON,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ERIC JOHANSON et al.,<br><br>    Defendants and Appellants;<br><br>DAVID A. ESQUIBIAS, as Trustee, etc.,<br><br>    Respondent. | 2d Civ. No. B317107<br>(Super. Ct. No. 56-2021-00559092-PR-OP-OXN)<br>(Ventura County) |

A mother is the sole life beneficiary of a family trust.  Her four adult children are the cotrustees and remainder beneficiaries.  Mother petitioned the probate court pursuant to Probate Code[1] section 17200 to compel the trustees to fulfill their

---

[1] All statutory references are to the Probate Code unless otherwise indicated.

duties under the trust.  She requested that the trustees be suspended and that a neutral interim trustee be appointed in their place.  The court granted her petition and granted the petition of interim trustee to administer the trust as if no appeal were pending.  We affirm both orders.

## FACTS

### *The Trust*

N. Eric Johanson (Settlor) executed a living trust in September 1997.  Settlor was married to Donna Johanson.  They have four adult children, John, [2] Kurt, Lauren, and Neil (the Children).  During his life, Settlor was the sole trustee.  He died on May 20, 2020.  Donna and the Children became successor cotrustees.

During her life, Donna is the sole beneficiary of the trust.  Under the terms of the trust, 100 percent interest in the family residence is to be conveyed to Donna; the trust is to pay 50 percent of the taxes and maintenance on the residence; Settlor's tangible personal property is to be transferred to Donna; and income distributions are to be made for her health, maintenance, and support.  After Donna's death, the Children are the remainder beneficiaries.

### *Donna's Petition*

On October 20, 2021, Donna petitioned the probate court to compel the trustees to provide information (§ 17200, subd. (b)(7)(B)), to compel the trustees to account (*id*., subd. (b)(7)(C)) and to instruct the trustees to follow the terms of the trust. (*Id*., subd. (b)(12).)

---

[2] For the sake of clarity, we sometimes refer to the parties by their first names.  No disrespect is intended.

2

Donna alleged that the Children, as controlling trustees, have failed to transfer the residence to her; have failed to pay for 50 percent of the taxes and maintenance on the residence; have failed to transfer Settlor's tangible personal property to her; and have failed to keep her reasonably informed about the trust by withholding information from her.

Donna also alleged that the root of the problem is that the Children have abdicated their responsibilities as controlling trustees to an unrelated third party, Justin Greene. Greene is chief financial officer of the family business, Johanson Dielectrics, Inc. Donna alleged that Greene acts as the de facto sole trustee, making all material decisions about the trust and its assets without her consent or approval. The Children refuse to communicate with her about the trust and do not include her in any meetings about trust issues. In fact, she received a letter from the Children's counsel demanding that she not speak to them about the trust.

Donna through her counsel wrote letters demanding that she receive the income to which she is entitled; that the residence be transferred to her; that she be provided information and documents including a list of trust assets, valuations, annual income, financial statements, and tax findings; and that the Children provide a formal accounting pursuant to section 16000. The Children's counsel replied that the trust had retained an accounting firm to prepare tax filings, identify assets of the trust, and obtain values for those assets. But Donna and her accountant were refused access to the accounting firm.

Donna prayed that the Children as controlling trustees be ordered to provide a list of trust assets and evaluations; file a complete accounting with the court; pay her the income and

3

principal to which she is entitled; transfer title to the residence; pay 50 percent of the residence taxes and maintenance; distribute Settlor's personal property to her; terminate the role of Greene in the administration of the trust; and to cooperate and communicate with her in the administration of the trust.

A hearing on Donna's petition was set for December 9, 2021.

*Children's Objections and Responses*

The Children responded that they had removed Donna as cotrustee and installed Greene in her place. Thus, Donna has no right to demand information as a cotrustee. The Children have provided Donna all the information to which she is entitled. The Children stated that the trust waived the requirement of a formal accounting. In addition, Settlor kept abysmal records and the Children are currently attempting to determine what assets and liabilities are in the trust.

As to support payments from the trust, the Children state that the trust is divided into two sub-trusts, a credit shelter trust, and a marital trust. The credit shelter trust is funded first to the extent of the federal estate tax exemption. Any amount over that, which would be subject to estate tax, would go into the marital trust. Because the amount in the credit shelter trust does not exceed the estate tax exemption, the marital trust is not funded. Disbursements from the marital trust are mandatory, but disbursements from the credit shelter trust are discretionary. Donna has not provided the Children any evidence of need.

As to transfer of the residence to Donna, the Children state they have already taken steps to do so.

As to the transfer of Settlor's tangible personal property to Donna, the Children state that Settlor made substantial gifts of

4

his personal property to others during his lifetime. In addition, Settlor purchased personal property for entities with funds that belonged to those entities. The Children are currently trying to identify what personal property belonged to Settlor at the time of his death. Donna is refusing to cooperate and is preventing the Children from identifying and valuing the personal property Settlor owned at his death.

As to the role of Greene, he is the manager and officer in numerous entities that are independent of the trust and cannot be challenged by a petition to administer the trust. The Children denied they have ceded control over the trust to Greene. Greene has acted as their agent under specific instructions to perform ministerial duties for the trust.

Finally, as to Donna's demand that the Children be ordered to cooperate and communicate with her in all matters relating to the trust, Donna is no longer a trustee. The trustees are required to keep a beneficiary informed only as to matters relating to her interest in the trust. The trustees have answered all of Donna's requests for information.

*Donna's First Supplemental Petition*

On December 2, 2021, Donna filed what she characterized as a first supplemental petition (Supplement). She accused the Children as cotrustees of self-dealing designed to minimize the value of the trust for their own benefit. She also accused them of retaliating for filing her petition by removing her as trustee and terminating her employment with a Johanson entity. She requested that the Children be suspended as cotrustees and a professional fiduciary be appointed in their place.

The Children denied any self-dealing. They said that Donna was properly removed as trustee under the terms of the trust. They said Donna's employment was terminated by a Johanson entity not under control of the trust because she did not work. Donna has not shown cause to suspend them as trustees.

*Ruling*

The Children did not request an evidentiary hearing in their opposing papers. As the hearing on the petition was ending, the Children for the first time requested an evidentiary hearing. The probate court denied the Children's request. The court stated that it already had extensive paperwork and that the matter should be resolved without delay.

The probate court granted Donna's petition and ordered the relief she sought, including the suspension of the Children as trustees. The court appointed attorney David Esquibias, who happened to be in court that day, as interim trustee.

The Children appealed the order which was entered on December 16, 2021.

*Section 1310, Subdivision (b) Petition*

Esquibias filed an ex parte petition pursuant to section 1310, subdivision (b), to allow him to exercise the powers of trustee as if no appeal were pending. The Children opposed the petition on the grounds that there was no imminent risk of loss or other emergency that would justify granting the petition.

At the hearing on the ex parte petition, the Children complained that Donna's original petition did not request a suspension of the trustees and they did not have an adequate amount of time to respond to her Supplement. The probate court replied, "The order I made was more of a sua sponte order given

6

the facts of the case as I understood them at the time of the hearing."

The probate court granted Esquibias's petition.

## DISCUSSION

### I.

#### *Appealability*

Donna[3] contends that the probate court's order of December 10, 2021, granting her petition, is not appealable, and the order granting the section 1310, subdivision (b) petition was not appealed.

*December 10, 2021, Order*

Donna's petition was brought under section 17200, allowing a trustee or beneficiary of a trust to petition the court concerning the internal affairs of the trust. Section 1304, subdivision (a)(1) provides that a final order under section 17200 is appealable except, "[c]ompelling the trustee to submit an account or report acts as trustee."

Donna argues that the order of December 10, 2021, requires the trustees to submit an account, and is not final in that it only suspends, does not terminate, the trustees. But other aspects of the order are final, such as the transfer of the residence, the payment of taxes and maintenance on the residence, and the removal of Greene from the trust.

Donna and the Children have fully briefed all of the issues on appeal. Given the mixed nature of the order's appealability, the best solution is to exercise our discretion to treat the

---

[3] Except as the context indicates otherwise, hereafter, "Donna" includes Esquibias, who are co-respondents in this appeal.

7

attempted appeal of the unappealable portions of the order as a writ petition. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 400-401.)

*Section 1310, Subdivision (b) Petition*

Donna concedes that the order granting the petition under section 1310, subdivision (b), allowing the interim trustee to act as if there were no appeal, is appealable. But she points out that the Children did not appeal that order. The nature of the appeal refers only to the December 10, 2021, order granting Donna's petition.

But courts have liberally construed notices of appeal to include closely related orders where there is no prejudice to the respondent. (See *In re Madison W.* (2006) 141 Cal.App.4th 1447, 1450 [notice of appeal from order terminating parental rights construed to include order denying Welf. & Inst. Code, § 388 petition]; *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993, 998 [notice of appeal from judgment construed to include an appeal from a later award of attorney fees].)

Here the section 1310, subdivision (b) order is a constituent part of the December 10, 2021, order. Someone must administer the trust while the appeal is pending. In addition, there is no prejudice to Donna. Her brief fully responds to the substantive issues raised by the Children on appeal. In fact, Donna prevails. We liberally construe the notice of appeal to include the section 1310, subdivision (b) order.

II.

<u>Due Process</u>

The Children contend that the December 10, 2021, order granting Donna's petition in full denied them due process.

8

The Children point out that due process applies to a proceeding to suspend a trustee. (Citing *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 429.) The Children also point out that a petition made under section 17200 requires at least 30 days' notice to all trustees prior to the hearing. (§ 17203, subd. (a).)

The Children's argument is based on the claim that Donna's Supplement was not supplemental to her original petition but was in fact an amended petition. An amended petition requires the same notice as the pleading it amends. (Cal. Rules of Court, rule 7.53(a).) A supplement to a pleading does not require additional notice. (*Id.* at rule 7.53(b).)

"'Amendment to a pleading' means a pleading that . . . alleges facts or requests relief materially different from the facts alleged or the relief requested in the modified pleading. An amendment to a pleading does not restate or supersede the modified pleading but must be read together with that pleading.

"'Supplement to a pleading' and 'supplement' mean a pleading that . . . does not allege facts or request relief materially different from the facts alleged or the relief requested in the supplemented pleading. A supplement to a pleading may add information to or may correct omissions in the modified pleading." (Cal. Rules of Court, rule 7.3(4) & (5).)

The Children argue that because Donna's Supplement requests different relief, the suspension of the trustees, it is in fact an amended petition for which they did not receive adequate notice.

But the Children fully responded to Donna's original petition and what she characterized as her supplemental

9

petition. The Children raised no objection to a lack of notice either in their responding papers or at the hearing on the petition. Had the Children done so in a timely manner, it is entirely possible that the probate court would have granted a continuance. The Children have waived the issue. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486 [even a constitutional right must be raised in the trial court to preserve the issue on appeal].)

Moreover, the Children fail to show prejudice. In order to obtain a reversal, appellant must show it is reasonably probable they would have obtained a more favorable result absent the error. (*Coastside Fishing Club v. California Fish & Game Com.* (2013) 215 Cal.App.4th 397, 428.)

The Children fully responded to Donna's petitions. They point to nothing that more notice would have done to aid their cause. The facts call out for a neutral third party to step in as trustee.

Donna, as the life beneficiary, and the Children, as the remainder beneficiaries, have an obvious conflict of interest. The conflict was heightened when the Children removed Donna as trustee, excluding her from any voice in the management of the trust, leaving the Children in charge. There is a conflict between Donna and the Children as to what property belongs in the trust, what property belongs to others outside the trust, and what property should be distributed to Donna free of the trust. The Children have been unwilling or unable to provide an accounting. They even denied that Donna is entitled to an accounting. Even such a simple, straight-forward matter as transferring title to the residence to Donna is enmeshed in delay and controversy. Whether the acrimony that exists between Donna and the

10

Children is Donna's fault, the Children's fault, or a combination of both, a solution was necessary. The suspension of the Children as trustees and the appointment of a neutral interim trustee is the obvious answer. The Children point to nothing in the record to show they would have achieved a more favorable result had they more notice.

*Opportunity To Be Heard*

The Children contend they were deprived of a meaningful opportunity to be heard.

The Children complain that the trial court issued its tentative decision suspending them as trustees based solely on Donna's moving papers, without giving them time to respond. At the hearing, the probate court initially stated there is no response. Then the court immediately corrected itself and stated there is a response. Before the final ruling, the court stated that it reviewed the objections and responses.

The probate court's tentative decision is just that, tentative. The parties are not prejudiced. The court can change its mind. Before the final ruling, the court stated it reviewed the Children's objections and responses. The Children point to nothing in the record to show the court did not. The Children were not deprived of a meaningful opportunity to be heard.

The Children's reliance on *Cleveland Board of Education v. Loudermill* (1985) 470 U.S. 532 is misplaced. In the first of two consolidated cases, a school security guard was dismissed on the ground that he failed to disclose a prior felony conviction on his job application. In the second case, a school bus mechanic was dismissed because he failed an eye examination. Both employees were civil servants who could only be terminated for cause and were entitled to post-termination hearings. The court held that

11

the state's civil service law made the parties' employment a property interest. The due process clause requires a hearing before a person is deprived of property. (*Id*. at p. 542.) Here the Children received a hearing before they were suspended as trustees.

*No Abuse of Discretion*

The Children contend the trial court abused its discretion in suspending them as trustees and appointing a stranger as sole trustee.

The Children point out that they were made trustees under the provisions of the trust. They cite *Estate of Bothwell* (1944) 65 Cal.App.2d 598, 604, for the proposition that the plan of the settlor must be followed and may not be departed from merely because it is considered unwise.

But the plan of the Settlor was not being followed. The plan was not to remove Donna as trustee. The plan was not to have conflict over what property belonged in the trust. The plan was not to delay the filing of an accounting and a complete estate tax return. The plan was not to have such chaos that the simple matter of the transfer of the residence could not be accomplished without delay and rancor. It is precisely because the Children as trustees were unwilling or unable to follow Settlor's plan that the probate court suspended them and appointed a neutral trustee. There was no abuse of discretion.

The Children argue that the probate court abused its discretion by refusing to hold an evidentiary hearing. But the court explained that it already had extensive paperwork, and it was concerned that the matter should be resolved without delay.

The Children's opposition to Donna's petition included documentary evidence and affidavits. They did not request an

12

evidentiary hearing in their opposing papers. In addition, they made no offer of proof as to what other evidence they would have presented at an evidentiary hearing. The Children cite no authority allowing them to elect to proceed by affidavits and then make a belated demand for an evidentiary hearing when it appears the probate court is about to rule against them. In any event, the Children's failure to make an offer of proof in the probate court precludes consideration on appeal of an allegedly erroneous exclusion of evidence. (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 282.)

## III.

### *The Probate Court Properly Granted Powers to Interim Trustee*

The Children contend the probate court improperly granted the interim trustee the power to act as if no appeal was pending.

Section 1310, subdivision (b) provides in part: "Notwithstanding that an appeal is taken from the judgment or order, for the purpose of preventing injury or loss to a person or property, the trial court may . . . appoint a . . . temporary trustee, to exercise the powers, from time to time, as if no appeal were pending."

The Children cite *Sterling v. Sterling* (2015) 242 Cal.App.4th 185, 199 (*Sterling*), for the proposition that section 1310, subdivision (b) requires a "'showing of risk of imminent injury or loss.'" The Children argue that Esquibias has failed to make such a showing.

Section 1310, subdivision (b) does not expressly require a showing of "imminent" injury or loss. That requirement comes from *Gold v. Superior Court* (1970) 3 Cal.3d 275. In *Gold*, a conservator was ordered to pay attorney fees. Instead of paying, the conservator appealed the order. The probate court held him

13

in contempt.  The conservator argued that the appeal terminated the probate court's jurisdiction.  The attorney real party in interest argued that a statute similar to section 1310, subdivision (b) applied to allow the court to proceed as if no appeal was pending.  Our Supreme Court rejected the argument holding that the statute must be narrowly construed to apply "only to the exceptional case involving a risk of imminent injury or loss."  (*Id.* at p. 281.)  The court concluded that the case does not fall within the statutory exception to the rule that an appeal deprives the probate court of jurisdiction.

In *Sterling*, the Court of Appeal determined that the trustee had made the required showing where the trustee showed a risk of a substantial loss if the trustee could not timely complete the sale of a trust asset.  (*Sterling*, *supra*, 242 Cal.App.4th at p. 199.)

The Children cite no case that discusses the application of section 1310, subdivision (b) to the circumstances here, where all trustees have been suspended.  Nevertheless, we conclude the circumstances show a risk of imminent injury or loss.  As the probate court stated: "So let's assume that there is an appeal and for the next year and a half it's in process.  Who pays the bills on the house?  [W]ho pays the property taxes?  [W]ho pays the utilities on the real estate assets?  [A]nd your client is suspended and Ms. – – Mr. Esquibias is unable to do anything."

An interim trustee needs the power to act while the appeal is pending.  The probate court did not err in granting Esquibias that power.

14

## DISPOSITION

The orders of the probate court are affirmed.  Costs are awarded to respondents.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


BALTODANO, J.

Roger L. Lund, Judge

Superior Court County of Ventura

_____

Enenstein Pham & Glass, Teri T. Pham, Matthew Rosene, attorneys for Defendants and Appellants.

Law Offices of Mary P. Kulvinskas and Mary P. Kulvinskas; Nevers, Palazzo, Packard, Wildermuth & Wynner and Michael S. Wildermuth for Plaintiff and Respondent Donna Johanson.

Law Office of David A. Esquibias and David A. Esquibias for Respondent David A. Esquibias.